L. G. CONAWAY, *et al.,* v. JOHN M. L. GORE, *et al.*

FORCIBLE ENTRY AND DETAINER; *Notice.* A notice for the purpose of commencing an action of forcible entry and detainer, must show clearly who claims the premises and is making the demand; but where the notice is a simple notice to leave, and is signed by the party who thereafter commences the action, and there is nothing upon the face of the notice or in the signature to show or suggest the contrary, the law implies from the signature that the party signing is acting in his own behalf, and to assert his own rights.   It is his notice, and notice that he claims possession, and he alone may commence action thereon.

*Error from Rice District Court.*

ACTION of forcible entry and detainer, brought by *Conaway* against *Gore* and *Reed.* Trial at the June Term, 1878, of the district court, and judgment for defendants. *Conaway* and wife bring the case here.

*J. M. Muscott, W. J. Fuller,* and *Brown & Gillett,* for plaintiffs in error.

*Ansel R. Clark,* and *J. W. White,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiffs commenced an action of forcible entry and detainer. After judgment before a justice of the peace, defendants appealed to the district court, and upon trial a demurrer to plaintiff's evidence was sustained, and the case is now here for review. The question is as to the sufficiency of the plaintiff's notice to quit, and the time when any defects therein can be taken advantage of. The notice to quit is in these words:

"*To John M. L. Gore and James W. Reed:* You are hereby notified and required to forthwith leave the premises hereinafter described, to wit, [description,] for the possession of which premises action is about to be brought.

"April 17, 1878.    LLOYD G. CONAWAY."

The defendants did not challenge in any manner the process by which they were brought into court, appeared to the action, and the first time they raised any question as to the sufficiency of the notice was by an objection to its admission in evidence. Now the plaintiffs' contention is, that the notice was sufficient, and if not, that the defect was waived, and that, whether the notice was good or bad, the demurrer was improperly sustained.

The statute requires (Gen. Stat., p. 810, § 161) that the party desiring to commence an action of forcible entry, notify the adverse party to leave the premises, etc. This notice is directed to the defendants, notifies them to leave the prem-

ises, and is signed by the plaintiff. It should be stated that the action was originally commenced in the name of Lloyd G. Conaway alone, and that afterward by amendment his wife was joined as plaintiff, and also that this amendment was unnecessary, for upon the testimony the title to the premises was in Lloyd G. Conaway alone, and he was entitled to recover such possession. The fact that it was his homestead of which he had been forcibly dispossessed did not render his wife a necessary party to the action to recover such homestead. Now the notice follows the statute. We are not advised by brief of defendants in error as to the ground upon which the notice was held bad. Counsel for plaintiffs in error state that the district court considered the case of *Nason v. Best,* 17 Kas. 408, as in point, and held the notice bad upon the authority of that case.

That case decides that there must be certainty in the notice, and that only the party who makes the demand as stated in the notice can maintain the action. Here there is but one party serving the notice and making the demand, and he brings the action. True, he does not say in the body of the instrument that he is the one who claims the possession, and that he intends to bring the action; but he leaves no doubt, for he alone is named in or signs the notice, and he alone brings the action. A certainty may be implied as well as expressed. Such a notice would not be sufficient to sustain an action in the name of a third party; nor would a notice in any case be sufficient when upon the face of it there appeared a doubt as to which of two or more parties was claiming the possession. The statute requires simply a "notice to leave," and not a notice to surrender the possession to any particular party. A. notified B. to leave. In the absence of anything showing or suggesting the contrary, the law holds that A. is acting for himself, and to assert his own rights. No one but A. can have the benefit of that notice, and it is a good notice by A. if he simply sign his name to it, and there is nothing in the notice to suggest a doubt that he is acting for himself.

We think the learned court mistook the scope of said case of *Nason v. Best*, and that the judgment. in this case is erroneous and must be reversed, and the case remanded for a new trial; and it is so ordered.

All the Justices concurring.