JOHN C. DOUGLASS V. JOSEPH WHITAKER.

FORCIBLE ENTRY AND DETAINER; *Notice — Service.* It is the duty of the party desiring to commence an action under art. 13, ch. 81, Comp. Laws of 1879, relating to forcible entry and detainer, to notify the adverse party to leave the premises for the possession of which the action *is about to be brought,* which notice must be served at least three days before commencing the action, by leaving a written copy thereof with the defendant, or at his usual place of abode if he cannot be found. The serving of this notice is a part of the proceeding to obtain restitution of the premises, and the action must be brought within a reasonable time after the service of the notice. If nearly a year, or any other considerable length of time, elapses after the service of the notice before the action is commenced, the lapse of time operates as a waiver of the notice, and in such case a fresh notice must be given before the party desiring to commence the action can take proceedings to dispossess the party.

*Error from Leavenworth District Court.*

ACTION of forcible entry and detainer, brought by *Douglass* against *Whitaker.* Judgment for defendant, May 3, 1884. Plaintiff brings the case to this court. The material facts are stated in the opinion.

*John C. Douglass,* and *H. B. Thomas,* for plaintiff in error.
*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of forcible entry and detainer, brought by Douglass against Whitaker, on December 8, 1883, before a justice of the peace of Leavenworth city, to recover possession of lot 5, in block 2, of that city. The defendant answered, setting up title to the lot, and the justice certified the case to the district court for trial. (Comp. Laws of 1879, ch. 81, § 7.) Upon the trial in the district court, the plaintiff offered in evidence a notice to quit, alleged by him to have been given in accordance with the provisions of § 161, ch. 81, Comp. Laws of 1879. The notice was dated Jan. 18, 1883, and was served about that time. The defendant objected to the introduction of the notice, upon the ground, among others,

of the lapse of time between the service thereof and the institution of the action — claiming that the lapse of time operated as a waiver of the notice, and that therefore the action could not be maintained under the statute upon the notice. The court sustained the objection — holding that the serving of the notice was a part of the proceedings, and that the action must be brought within a reasonable time thereafter.

There was no error in this ruling. The statute is mandatory that a party desiring to commence an action for forcible entry and detainer must notify the adverse party to leave the premises, for the possession of which the action *is about to be brought*, and that this notice shall be served at least three days before commencing the action. ( § 161, *supra*.) Nearly a year had elapsed after the service of the notice before this action was commenced, and therefore the action was not brought within a reasonable time after the service of the notice. If a person omits to commence proceedings to recover possession of real estate under the statute relating to forcible entry and detainer for such a length of time after the service of the notice to leave the premises for the possession of which the action is about to be brought, as appears in this case, he must give a fresh notice before he can take proceedings to dispossess the party. (Taylor's Landlord and Tenant, § 487.)

The case of *Douglass v. Anderson*, ante, p. 350, is not applicable, for in that case the defendant entered into possession of the real estate under a written contract of lease with the plaintiff, and when a notice in writing to leave was served upon him to determine the lease under § 7, ch. 55, Comp. Laws of 1879, the defendant repudiated the lease and disclaimed to hold any longer under the plaintiff. Therefore we held in that case that a new tenancy could not be considered as having commenced after the expiration of the notice to leave, and that the defendant under such circumstances was not permitted to say he was the tenant of the plaintiff and entitled to a fresh notice to determine his lease.

The judgment of the district court will be affirmed.

All the Justices concurring.