HENRY T. ANDERSON v. CALVIN FERGUSON AND ANDREW J. ZARING.

(Filed October 4, 1902.)

1. PROBATE COURTS—Vested With Jurisdiction   in Actions of Forcible Entry and Detainer. By article 15 of chapter 18, section 1562, Statutes of Oklahoma, 1893, probate courts in their respective counties are vested with jurisdiction in actions of forcible entry and detainer, the same being one of the ordinary powers and within the jurisdiction of justices of the peace.

2. FORCIBLE ENTRY AND DETAINER—Character of Action—Rights Litigated Thereunder. An action of unlawful and forcible detainer is purely a proceeding' at law, and does not and cannot involve the exercise of equitable jurisdiction, the right to the possession being the sole question involved. Questions other than the immediate rights of the parties cannot be litigated in such actions.

3. PARTIES LITIGANT—Substitution, Right of. Where the interests in the subject-matter of the pending suit are transferred, it is proper, under the statute for the court to permit the person to whom such interest is transferred, to be substituted for the original party to the action, or the action may be continued in the name of the original party.

4. SAME—Cause of Action Continues In Grantee. A cause of action for unlawful and forcible detainer, by one entitled to the possession, in case of a transfer of the interests of the plaintiff, continues in his grantee.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*S. H. Harris,* for plaintiff in error.

*C. W. Ransom* and *Hackney & Lafferty,* for defendants in error.

### STATEMENT OF FACTS.

This is an action of unlawful forcible entry and detainer, commenced by Calvin Ferguson, one of the defendants in error, as plaintiff, against Henry T. Anderson, plaintiff in error, as defendant, in the probate court of Kay county, on the 6th day of April, 1900, and resulted in a judgment in favor of Ferguson, from which an appeal was taken to the district court of Kay county. While the case was pending in the district court, Ferguson sold and transferred all of his interest in the land to Andrew J. Zaring, Septemebr 26, 1900. Anderson filed a motion in the district court to dismiss the action for the reason that the title to real estate was involved therein, and that Ferguson had sold and transferred all of his interest in the land, including his right of possession. September 29, 1900, by leave of court, Anderson filed an answer consisting: 1st. Of a general denial. 2nd. On the ground that title to land was in dispute. 3rd. Facts with reference to the ownership of the land and the disqualification of Ferguson by reason of having entered upon the land prior to the time of the opening.

October 24, 1900, the motion to dismiss was overruled. October 26, 1900, Andrew J. Zaring, under the name of Jack Zaring, entered his appearance, filed a supplemental complaint verified by Calvin Ferguson, and prayed that he be substitut-

ed for Ferguson and granted judgment for the possession of the property. The case was tried October 26, 1900, before the court without a jury, and resulted in a finding and judgment in favor of Ferguson and Zaring and against Anderson for costs, and ordered restitution of the land in controversy. October 27, 1900, Anderson filed a motion for a new trial, which was, after consideration by the court, overruled on the 29th day of December, 1900. The plaintiff brings the case here upon petition in error for review. Affirmed.

Opinion of the court by

BEAUCHAMP, J.: September 22, 1893, Anderson, plaintiff in error, made homestead filing upon the southeast quarter of section five, township twenty-six, range two, Kay county, O. T. October 30, 1893, Ferguson, defendant in error, instituted contest proceedings against said entry. Upon trial the local land office found in favor of Ferguson. Appeal was taken by Anderson through all of the departments of the land department, and the land finally awarded to Ferguson.

From the 16th day of September, 1893, and until removed by mandatory injunction, Anderson resided upon and cultivated a large portion of the land, and at the beginning of this action was residing upon a portion of the land, and is still residing thereon. The land department found as a fact that Ferguson entered upon the race for the land September 16, 1893, from the south side of the Chilocco Indian School reservation, but held that this fact was not a disqualification.

Some time prior to the beginning of this present action Ferguson commenced an action for a mandatory injunction, in which Anderson was removed from the land, except about

three acres, for the possession of which, pending appeal, he was permitted to give a supersedeas bond, and for the possession of the three acres of land this present action was brought.

The only propositions contended for by plaintiff in error in his brief, and that are raised by his petition in error, are:

"1st.   That the probate court had no jurisdiction to try the action of forcible entry and detainer.

"2nd.   That the title to the land is in dispute in the action * * * * and as soon as the controversy over the title appeared, the action should have been dismissed.

"3rd.   That Ferguson lost the right to a judgment for the possession of the land by selling and transferring the same to Zaring; and Zaring had no right to maintain the action, for the reason that he had never demanded possession or given a notice to quit as provided by statute, and was not entitled to possession at the time of serving of notice to quit, or at the beginning of the action.

"4th.   By the evidence introduced in the cause, it conclusively appears that Ferguson was disqualified to make entry of the land, or to maintain a contest against the entry of Anderson on the ground of prior settlement, by reason of being what is commonly termed a 'sooner,' and Zaring acquired no greater interest than that possessed by Ferguson at the time of the sale, as Anderson was in possession and Zaring had full knowledge of his claim."

By article 13, chapter 67, Statutes 1893, it is provided that:

"Justices of the peace within their respective counties are vested with jurisdiction in actions of forcible entry and detainer."

Section 1562, Statutes 1893, provides that:

"Probate courts in their respective counties shall in addi-

tion to the powers conferred upon them by the probate chapter of the territory, have and exercise the ordinary powers and jurisdiction of justices of the peace."

It is clear from the reading of the foregoing statutes that the probate courts have jurisdiction in forcible entry and detainer actions. (*McClung v. Penny,* this volume, followed.)

This court has repeatedly denied the right to adjudicate the equitable rights of the parties in this class of actions, such as were attempted to be set up in the answer, and sought to be proved in this case; and as stated in the opinion of the court by Irwin, J., in the case of *McClung v. Penny, supra.*

"The entire theory of this action is that it is purely possessory; that it deals with the possessory rights, and not the ultimate rights of the parties. Questions other than the immediate rights of the parties cannot be litigated in such action. If the party desired to have an adjudication on her rights to a resulting trust in the land, she must resort to another forum and another form of action." (See also the following: *McDonald v. Stiles,* 7 Okla. 327; *Kirtley v. Dykes* 10 Okla. 16; *Cope v. Braden,* 11 Okla. 291, 67 Pac. 475; and cases cited.)

Section 3912, Statutes 1893, reads:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of death or other disability of a party, the court may allow the action to continue by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be substituted in the action." (Also, see case of *Bradford v. Brennan and Brown,* this volume.)

A cause of action for unlawful detainer by one entitled to the possession would undoubtedly continue in his vendee, therefore, comes clearly within the provisions of the statute just quoted. The action might have been continued in the name of Ferguson, or Zaring could have been substituted as successor in interest.

The conveyance by Ferguson while the action was pending, would not defeat his right to recover, if he was entitled to the posesssion in the commencement of the action. (Enc. Plead. & Prac. Vol. 9, p. 52.) While in all probability the court should have either permitted Zaring to have been substituted as plaintiff, or the action to have proceeded in the name of Ferguson, that the action was allowed to continue in the name of both could in no way be prejudicial to the rights of plaintiff in error.

The fourth and last assignment of error contended for by plaintiff in error in his brief is included in the second, and requires no further notice.

We have carefully examined the record, and find no error that will justify a reversal of the judgment of the trial court. The judgment is therefore affirmed, with costs to plaintiff in error.

Hainer, J., having presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.