## VANSELLOUS v. HUENE.

No. 374.   Opinion Filed May 10, 1910.

(108 Pac. 1102.)

1.   FORCIBLE ENTRY AND DETAINER — Notice to Quit—Sufficency.   In forcible entry and detainer it is not necessary that the names of the parties who claim the property should appear in the body of the notice to quit. It is sufficient if the names are signed to the notice given.

2.   FORCIBLE ENTRY AND DETAINER—Nature of Proceeding—Evidence of Title.   "Forcible entry and detainer," or "forcible entry and unlawful detainer," is a proceeding at law, and the right to posession is the sole question involved, and evidences of title are only material in so far as they tend to show right of possession, and no equities of parties can be determined.

(Syllabus by the Court.)

*Error from District Court, Kay County; Wm. M. Bowles, Judge.*

Action by Charles A. Huene against W. H. Vansellous. Judgment for plaintiff, and defendant brings error. Affirmed.

*A. W. Comstock* and *L. A. Maris,* for plaintiff in error.

*Anderson & Stratford, J. E. King,* and *Henry S. Johnston,* for defendant in error.

KANE, J.   This was an action for unlawful detainer, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover the possession of certain real estate.   The plaintiff purchased the land from the heirs of a deceased Indian, and deeds thereto were issued to him.   The defendant was in possession under a lease, and after his term expired refused to deliver possession of the premises to the purchaser.   A trial before a justice of the peace resulted in a judgment in favor of the plaintiff, and a like conclusion was reached on trial in the district court on appeal.   To reverse the judgment of the district court this proceeding in error was commenced.

When the cause was called for trial in the district court, after counsel made his opening statement, in substance as above, the court called upon counsel for defendant to state their case, to which counsel replied, "We simply wish to raise some legal questions."   There were no pleadings filed except the complaint of the plaintiff, and counsel stated they wished to raise their legal questions on the introduction of evidence.   The first question raised and argued in their brief is the one which appears in the record as follows:

"And I wish to make the further objection that no notice was served on the defendant, as required by law, in that said notice fails to disclose the owner of the premises."

The notice referred to above reads as follows:

"Oklahoma Territory, County of Kay—ss.:   Notice.   To W. H. Vansellous:   You are hereby notified to quit and leave and deliver up to me, at once the premises described as follows:   The southwest quarter of the southwest quarter of section twenty-three and south half of the southeast quarter of section twenty-two all in township twenty-five north of range one, east of the Indian Meridian, in Oklahoma Territory, containing one hundred twenty acres, being all of Ponca allotment numbered two hundred eighty as shown by the Ponca Allotment   schedule; for the possession of

which I shall bring suit after three days under the forcible entry and detainer act. You will govern yourself accordingly. Witness my hand this 17th day of May, 1907, Chas. H. A. Huene, Owner of Said Premises."

The point sought to be made is that the name of the owner of the premises must appear in the body of the notice, and that the signature affixed to the foot thereof, conjointly with the use of the words date and owner of said premises, is not sufficient. In the case of *Oklahoma City v. Hill,* 4 Okla. 521, 46 Pac. 568, it was held by the Supreme Court of the territory that:

"It is not necessary that the names of the parties who claim the property should appear in the body of the notice; it is sufficient if the names are signed to the notice given."

To the same effect are *Conaway v. Gore,* 22 Kan. 216, and *Douglass v. Whittaker,* 32 Kan. 381, 4 Pac. 874. The foregoing decisions seem to be decisive of the first question raised by counsel for plaintiff in error.

The next objection raises the question of the sufficiency of the deed to the plaintiff; and puts in issue the title to the property. We do not deem this a proper subject for trial in the present case. "Forcible entry and detainer," or "forcible entry and unlawful detainer," is a proceeding at law and the right to possession is the sole question involved, and evidences of title are only material in so far as they tend to show right of possession, and no equities of parties can be determined. *Anderson v. Ferguson,* 12 Okla. 307, 71 Pac. 225. There are a great many other cases to the same effect in this jurisdiction; but the question is so well settled here and elsewhere that we do not deem it necessary to cite them.

As the foregoing are the only questions argued by counsel for plaintiff in error in their brief, it follows that the judgment of the court below must be affirmed.

All the Justices concur.