## BURRUS v. FUNK.

No. 1064.   Opinion Filed November 14, 1911.

1. **FORCIBLE ENTRY AND DETAINER—Dispute of Title—Jurisdiction.** In forcible detainer before a justice of the peace the introduction by defendant of evidence, in effect, that plaintiff's grantor, at the time of the execution of the deed under which plaintiff claims possession, was a minor, where the evidence relative thereto is conflicting, is not sufficient to oust the court of jurisdiction to try the right of possession.

2. **APPEAL AND ERROR—Review—Assignment of Error—Necessity.** Where the appellant fails to assign as error the overruling of a motion for a new trial in the petition in error, no question is properly presented in this court to review errors alleged to have occurred during the progress of the trial in the court below.

(Syllabus by the Court.)

*Error from County Court, Wagoner County; W. T. Drake, Judge.*

Action by W. A. Funk against J. D. Burrus. Judgment for plaintiff, and defendant brings error. Affirmed.

*Robert F. Blair,* for plaintiff in error.

*Chas. G. Watts,* for defendant in error.

TURNER, C. J.   This is an action for unlawful detainer, originally commenced by defendant in error, as plaintiff, before a justice of the peace in and for Wagoner township and county, to recover of plaintiff in error, as defendant, possession of certain real estate. For answer defendant denied plaintiff to be the owner of the land, that he was entitled to possession, and the jurisdiction of the justice to try the cause. There was judg-

ment for plaintiff, and a like result on trial anew in the county court, to which the case was appealed. Defendant brings the case here.

The evidence discloses that defendant was in possession under a lease from the former owner which had expired and was seeking to retain possession by holding over under an alleged new lease which he set up. Assailing plaintiff's title which was a deed from defendant's landlord, introduced for the purpose of proving plaintiff's right of possession, defendant sought to show that the same was void because of the alleged minority, when made, of plaintiff's grantor; and, the issue of fact being determined against him, he now claims that the title to the land being thus involved, the justice—and, on appeal, the county court—was ousted of jurisdiction to try the cause. Such not being a proper subject of trial, the jurisdiction of neither court was affected thereby. In *Vansellous v. Huene,* 26 Okla. 243, 108 Pac. 1102, the situation was strikingly similar. There, as here, defendant was in possession under a lease, and after the expiration of his term refused to deliver possession to the purchaser. The court said:

"The next objection raises the question of the sufficiency of the deed to the plaintiff, and puts in issue the title to the property. We do not deem this a proper subject for trial in the present case. 'Forcible entry and detainer,' or 'forcible entry and unlawful detainer,' is a proceeding at law and the right to possession is the sole question involved, and evidences of title are only material in so far as they tend to show right of possession, and no equities of parties can be determined. *Anderson v. Ferguson,* 12 Okla. 307, 71 Pac. 225. There are a great many other cases to the same effect in this jurisdiction; but the question is so well settled here and elsewhere that we do not deem it necessary to cite them."

See, also, *Powers v. Myers,* 25 Okla. 165, 105 Pac. 674.

We are therefore of opinion that both courts had jurisdiction; and that, as the action of the trial court in overruling the motion for a new trial is not assigned as error, either in the petition in error or in the briefs of plaintiff in error, and the only remaining errors assigned are those alleged to have occurred in the

trial of the cause, and hence we cannot consider them (*Douglcs Co. v. Sparks*, 7 Okla. 259, 54 Pac. 467; *Beall v. Mutual Life Ins. Co.*, 7 Okla. 285, 54 Pac. 474; *Southwestern Cotton Seed Oil Co. v. Bank of Stroud*, 12 Okla. 168, 70 Pac. 205; *DeVitt et al v. City of El Reno et al.*, 28 Okla. 315, 114 Pac. 253; *Kimbriel v. Montgomery*, 28 Okla. 743, 115 Pac. 1013), the judgment of the lower court must be affirmed. It is so ordered.

All the Justices concur.