McMANUS, Respondent, v. MALOY, Appellant.

(138 N. W. 963.)

1. **Appeal—Appealable Order—Involving Merits—Review of Order.**

Under Code Civ. Proc., Sec. 462, subds. 1 and 2, and order of the circuit court remanding an action of forcible entry and retainer for trial by justice's court because not involving a question of title, involves the merits of the action, and is appealable.

2. **Justice Court—Action Involving Title to Realty—Jurisdiction—Forcible Entry and Detainer.**

Justice's Code, Sec. 9, prohibiting jurisdiction to justices in actions involving title to realty, and Sec. 43 confers jurisdiction of forcible entry and detainer. In forcible entry the complaint alleged that defendant's lessor by warranty deed assigned to plaintiff his rights under an oral lease, and right to possession, the answer denying such allegations and alleging the oral lease and possession thereunder, and that neither lessor nor plaintiff had given defendant notice of intention to terminate the lease, and denied that plaintiff had any right, title or interest in the premises, or right of action. **Held,** the action did not involve title to realty and was within justice's jurisdiction; that plaintiff as lessor's grantee could maintain the action by introducing the deed simply to show transfer of right to possession, not to show title in plaintiff.

3. **Landlord and Tenant—Forcible Entry and Detainer—Suit by Assignee.**

Under Secs. 43, 44, Justice's Code, an action of forcible entry and detainer may be maintained by lessor or his assignee or grantee; the object of the statute being to provide a speedy and summary remedy to recover possession, without resort to ejectment, or, more properly, to an action to recover possession under our code.

4. **Same—Leasehold Estate—Title to Realty—Pleading Estate as Title.**

A tenant, while complying with terms of his lease, has an estate in the premises, but no title to the realty. Defendant's allegation that by his lease he acquired an estate amounting to title, is untenable.

5. **Same—Landlord's Title—Estoppel by Tenant—Assignee of Landlord.**

A tenant cannot question title of his landlord without surrendering possession of the property and thereby terminating the tenancy; and the title of lessor's grantee is not subject to question by lessee.

6. **Jurisdiction of Justice of Peace—Forcible Entry—Issue of Title.—Pleadings.**

A mere claim by defendant in forcible entry and detainer that title is involved is not sufficient to oust justice's jurisdiction; but the pleadings or evidence must show that such title is necessarily involved.

(Opinion filed December 3, 1912.)

Appeal from Circuit Court, Yankton County. Hon. ROBERT B. TRIPP, Judge.

Action by Michael McManus against Mark Malloy, for forcible entry and detainer. From an order of the Circuit Court remanding the cause for trial by Justice Court, defendant appeals. Affirmed.

*C. J. B. Harris,* and *C. J. Novotny,* for Appellant.

The only question for this court to determine is whether from the answer of the defendant, verified by his oath, it appears that the determination of the action will necessarily involve the title to real estate. Section 9 of the Justices' Code provides that parties to an action in justice's court cannot introduce evidence upon any matter wherein the title to or boundary of, real property in any wise comes in question; and if it appear, from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of title to, or boundary of, real property, in any wise, the justice must suspend all further proceedings in the action, and certify the pleadings, etc., to the clerk of the circuit court.

Subdivision 7 of section 2, and the proviso at the end of section 47 of the Justices' Code oust the justice of jurisdiction whenever title to real property in any wise comes in question.

The plaintiff alleges title by warranty deed from E. G. Edgerton of the land in dispute, and the defendant denies the plaintiff's title, and sets up title in himself to an estate of one year from January 15, 1912, in his answer, verified by his oath.

Now the plaintiff could not sustain his action without introducing in evidence his deed, which would be evidence upon a matter wherein the title to real property comes in question, and the defendant could not avail himself of his right to remain on the land until January 15, 1913, without introducing evidence of the facts creating his title to an estate of one year, and it must have appeared to the justice that the question of title to real property would necessarily arise on the trial, hence he was compelled

to certify the action to the circuit court. Murry v. Burris, 6 D. 170, 42 N. W. 25.

Plaintiff in his complaints sets up his deed, erroneously stating that it was an assignment of the oral lease, but whatever he called it, the fact remains that in order to sustain his action he must introduce evidence of title.

It will be noticed by reading the full opinion of Tripp, C. J., in Murry v. Burris, supra, that our statute is unlike that of any other state, especially the provisions requiring the justice to certify the action to the circuit court. Our statute means that the justice can retain jurisdiction only where the defendant does not, either by his answer or by his evidence, dispute the title of plaintiff or claim any right to remain in possession. If he claims a right to remain he is claiming an estate in the premises. Title to such an estate, whether it be for years or in fee, cannot be determined by the justice. Plaintiff should have brought his action of ejectment in the circuit court. These provisions which have been cited, give plaintiff where he has made a mistake, the right to have his case certified up for the purpose of trial, but only on payment of one dollar for the transcript and all costs which have accrued. Section 9, Justices' Code.

Defendant sets up in his answer an estate for one year from January 15, 1912, under sections 1435 and 1438 of the Civil Code. Now his title to this estate cannot be tried by the justice.

Any estate in land above an estate at will is real property, and a justice is prohibited from determining the title to such an estate. Reay v. Cotter, 29 Cal. 169.

*French & Orvis,* for Respondent.

Respondent at this time moves this court to dismiss this appeal for the reason that the order as made by the circuit court above referred to is not an appealable order, nor is it an order reviewable in this court, but is only an interlocutory order which could be reviewed by this court only after a final determination of the case.

We think it clear that this is merely an interlocutory order and it clearly is not a final determination of the case. The only other ground upon which this appeal could be based is that it affects a substantial right of the appellant which in effect determines the action. This order does not affect a substantial right

of the appellant nor does it determine the action but is only a direction that the court below should proceed with the trial of the case. Hence respondent moves the court to dismiss this appeal. Ryan v. Davenport, 5 S. D. 203; Ross v. Wait, 2 S. D. 639; Deere & Webber Co. v. Hinckley, 106 N. W. 138.

If the appeal shall not be dismissed, then respondent claims that by these pleadings no issue of title was raised and this is the question to be tried here.

The court will notice upon reading the complaint that there is no allegation of ownership contained in the complaint.

The facts are as shown by the pleadings that appellant leased the lands in question of one E. G. Edgerton for one year, going into possession of the same in January, 1911, and has ever since been in possession of the same; that on the 3rd day of February, 1912, E. G. Edgerton executed a deed of the lands in question to the plaintiff and respondent and on or about March 1st, delivered said deed to respondent, under and by virtue of which respondent claims the right to possession. The action then clearly is for the possession of the land in question.

Respondent has not pleaded ownership, nor has the defendant set up any adverse title. There is no title then in issue under the pleadings in this case for the reason that where title is not the basis of the action there can be no issue of title. No mere claim of title in the pleadings is sufficient to oust the court of jurisdiction. Chicago, Mil. & St. Paul Ry. Co. v. Nield, 16 S. D. 370; Stone v. Blanchard, 126 N. W. 768; Hiney v. Hiney, 73 Pac. 1038; Burrus v. Funk, 119 Pac. 976; Brown v. Hazeltine, 9 S. D. 524.

That an estoppel inures both as to its benefit and burden to privies in law, in blood and in estate is a rule applicable to this species of estoppel as to the strict estoppel at common law. The rule seems settled that a tenant can no more dispute the title of his lessor when asserted by an assignee of the latter than when it is held by the lessor himself. Jones on Landlord and Tenant, Section 700; Streeter v. Ilsley, 16 N. E. 776; Dunshee v. Grundy et al., 81 Mass. 314; Burrus v. Funk, 119 Pac. 976; Vansellous v. Huene, 108 Pac. 1102; Anderson v. Ferguson et al., 71 Pac. 225; Bradford v. Brennan, 71 Pac. Josselson v. Sonneborn, 73 Atl.

650; Winterfield v. Strauss, 24 Wis. 394; Green v. Morse, 77 N. W.; Brown v. Hartshorn, 69 Pac. 1049.

CORSON, J.   This is an appeal by the defendant from an order of the circuit court of Yankton county remanding the cause back to the justice court for trial. The action was one of forcible entry and detainer, and was instituted by the plaintiff in the justice court. Paragraph 1 of the complaint is as follows: "That heretofore, to-wit, in the year 1911, one E. G. Edgerton leased orally to the defendant the following described real property situate in the county of Yankton and state of South Dakota, to-wit: * * * said lease to expire the last day of February, 1912, and the said defendant entered into the possession of said premises under said lease and ever since has and still does retain possession thereof." The second paragraph of the complaint reads: "That thereafter, and on the 3d day of February, 1912, said E. G. Edgerton, for value, executed an assignment of all his rights under said oral lease to plaintiff, and at the same time assigned to plaintiff the right to possession of said real estate on and subsequent to the first day of March, 1912, by executing a warranty deed for said land to plaintiff, which said deed was delivered to plaintiff on or about the first day of March, 1912." The third paragraph alleges service of notice to quit on defendant more than three days before the commencement of the action, and the filing of said notice with the justice before the commencement of the action. It is then alleged that defendant holds over and refuses to surrender possession to plaintiff. By way of answer the defendant among other things alleged: "That on or about the 15th day of January, 1911, he hired the premises described in the complaint from E. G. Edgerton, who was then the owner of said premises, by an oral contract made and entered into by and between the said Edgerton and the defendant, for a term not specified in the said contract nor by the parties thereto, and the defendant then took possession of said premises and has continued in the possession thereof until the present time. That the said premises are farm lands, and not lodgings, and the said hiring was presumed to be for one year from its commencement; there being no usage on the subject to the contrary. That neither the said Edgerton nor the plaintiff nor any other person has ever prior to

the expiration of said hiring given defendant notice of his intention to terminate the said hiring, and for such neglect to give such notice the said hiring has been renewed and extended for one year from its termination, to-wit, to the 15th day of January, 1913." He admitted in part the notice set forth in paragraph 3 of the complaint, but alleged "that the defendant has no knowledge. or information sufficient to form a belief as to whether the plaintiff is the owner of said premises, and further denies that plaintiff has any right, title, or interest in and to said premises or any part theerof, and denies that the plaintiff has any right to institute this action." He followed this with a general denial.

The defendant then moved the court to certify the action to the circuit court for the reason that the civil jurisdiction of the justice court extends "to actions for forcible entry and detainer or detainer only where the title or boundary thereof in no wise comes in question," whereas this is an action of forcible entry and detainer in which the title of the real estate mentioned in the complaint comes in question as. appears further from the pleadings herein, which were referred to for the purposes of the motion. This motion was granted by the justice court and the cause certified to the circuit court. The plaintiff thereupon moved the circuit court to remand the action for trial by the justice court, for the reason that it appears from the pleadings in said action that the title to or boundary of real property does not in any wise come in question, and that, therefore, the circuit court has no jurisdiction to try said action. The circuit court granted the motion of the plaintiff to remand, and gave judgment accordingly. From this judgment and order in pursuance therewith the defendant has appealed.

[1] The respondent has moved to dismiss the appeal taken by the appellant on the ground that the order remanding the cause to the justice court is not an appealable order, nor is it an order reviewable in this court, and is only an interlocutory order which could be reviewed by this court only after a final determination of the case. It is further contended by the respondent that the order made by the circuit court does not affect a substantial right of the appellant, nor does it determine the action, but is only a direction that the court below should proceed to the trial of the case.

Appellant contends in support of his appeal that the order is one involving the merits of the action, and therefore is an appealable order. Section 462, C. C. Proc., provides as follows: "The following orders, when made by the court, may be carried to the Supreme Court: (1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken. (2). A final order affecting a substantial right, made in special proceedings, or upon a summary application in an action for judgment. * * *" The question presented is a new one in this court, and one, so far as our researches extend, that has not been decided by any appellate court, and the respective counsel seem to have been unable to find or cite any case bearing directly upon this question. In view, however, of the provisions of our Code with reference to appeals from orders, we are inclined to take the view that the order of the circuit court in the case at bar involves the merits of the action, and as such order is appealable. The decision of the circuit court was in effect that no question of title was involved in the action, and that, therefore, the justice court had jurisdiction to try and determine the same, and the decision, therefore, comes clearly within the subdivision of section 462 of the Code of Civil Procedure above quoted. The motion of the plaintiff, therefore, to dismiss the appeal is denied.

[2] This brings us to the second question which is: Was the decision of the circuit court right in holding that, under the pleadings in the case, the question of title was not involved, and in remanding the case to the justice court? Section 9 of our Justice's Code provides as follows: "The parties to an action in a justice's court cannot introduce evidence upon any matter wherein the title to, or boundary of, real property in any wise comes in question; and if it appear from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of title to, or boundary of, real property, in anywise, the justice must suspend all further proceedings in the action, and certify the pleadings, * * * to the clerk of the circuit court," etc. It is contended by the appellant that, under the allegations in the complaint and denials and allegations in the answer, it clearly appeared that a question of title was involved which, under the provisions of section 9 of the Justice's Code,

could not be determined by the justice court, for the reason that a grantee of the landlord under whom the defendant held his lease could not maintain the action under the denials in the answer without introducing in evidence his deed from Edgerton, the landlord,· to himself which necessarily involved proof of title. It is contended, however, by the respondent in support of the decision of the circuit court that the grantee of Edgerton, the landlord, succeeded by virtue of the deed from Edgerton to. himself to the position of the landlord, and that he was thereby able to maintain the action as against the defendant as the landlord would have been had he continued as the owner of the property, and that the fact of alleging the execution of the deed by Edgerton to the plaintiff and its introduction in evidence would simply be to show the transfer of the landlord's right of·possession to the plaintiff and the plaintiff's right to maintain the action. We are of the opinion that the respondent is right in his contention. It will be observed by the second paragraph of the plaintiff's complaint that he alleges that on the 3d day of February, 1912, said E. ·G. Edgerton, for value, executed an assignment of all his rights under said oral lease to the plaintiff, and at the same time assigned to plaintiff the right to possession of the real estate on and subsequent to the 1st day of March, 1912, by executing a warranty deed to said plaintiff which was delivered to plaintiff on or about the 1st day of March, 1912. As this allegation is denied by the answer, on the trial the plaintiff would be required to introduce in evidence the deed, not for the purpose of establishing title to the property, but for the purpose of showing that Edgerton had transferred to plaintiff his interest in the lease and his right to the possession of the property, thereby conferring upon the plaintiff the right to institute the action and the rights of Edgerton to the possession of the property.

In Burrus v. Funk, 29 Okl. 677, 119 Pac. 976, decided in November, 1911, the learned Supreme Court of Oklahoma in discussing an analogous case to the one at bar says: "The evidence discloses that defendant was in possession under a lease from the former owner which had expired, and was seeking to retain possession by holding over under an alleged new lease which he set up. Assailing plaintiff's title which was a deed from his landlord, and introduced for the purpose of proving plaintiff's right of pos-

session, defendant sought to show that the same was void because of the alleged minority, when made, of plaintiff's grantor, and, the issue of fact being determined against him, now claims that the title to the land being thus involved the justice, and, on appeal, the county court, was ousted of jurisdiction to try the cause. Such not being a proper subject of trial, the jurisdiction of neither court was affected thereby. In Vansellous v. Huene, 26 Okl. 243, 108 Pac. 1102, the situation was strikingly similar. There, as here, defendant was in possession under a lease, and, after the expiration of his term, refused to deliver possession to the purchaser. The court said: "The next objection raises the question of the sufficiency of the deed to the plaintiff, and puts in issue the title to the property. We do not deem this a proper subject for the trial in the present case. "Forcible entry and detainer," or "forcible entry and unlawful detainer," is a proceeding at law, and the right to possession is the sole question involved, and evidences of title are only material in so far as they tend to show the right of possession, and no equities of parties can be determined. Anderson v. Ferguson, 12 Okl. 307, 71 Pac. 225. There are a great many others cases to the same effect in this jurisdiction; but the question is so well settled here and elsewhere that we do not deem it necessary to cite them.' See, also, Powers v. Myers, 25 Okl. 165, 105 Pac. 674." As bearing upon this question, see the following cases: Brown v. Haseltine, 9 S. D. 524, 70 N. W. 648; Streeter v. Ilsey, 147 Mass. 141, 16 N. E. 776; Dunshee v. Grundy, 81 Mass. (15 Gray) 314; Josselson v. Sonneborn, 110 Md. 546, 73 Atl. 650; Winterfield v. Stauss, 24 Wis. 394; Stone v. Blanchard, 87 Neb. 1, 126 N. W. 766.

The appellant cites in support of his contention the case of Reay v. Cotter, 29 Cal. 169. That case would support the appellant's contention if the forcible entry and detainer act of California had been at the time of that decision similar to the forcible entry and detainer act of this state. The decision, however, seems to be based upon the ground that the provisions of that act limit the right of recovery to the landlord, and therefore the act could not be extended to the assignee, heir, or other person claiming under the landlord. In that opinion the learned Supreme Court of California says: "Upon inspection of the fourth section of the act (Stat. 1863, p. 653), it will be found that this remedy is

conferred only upon 'the landlord,' and is not given in terms at least to his successors in estate." And the court held that by the act the remedy was limited to the landlord, and not given to his assignee. In the later decision of Martel v. Meehan, 63 Cal. 47, it appears that the act had been amended by extending the writ to "the successors in estate of his landlord if any there be."

[3] Our Justice's Code on forcible entry and detainer provides:

"Sec. 43. Any justice of the peace within his proper county shall have power to inquire, in the manner hereinafter specified, of all cases of forcible entry and detainer, or detainer only, of real property.

"Sec. 44. This action is maintainable: * * * 4. Where a lessee in person or by his sub-tenants holds over after the termination of his lease or expiration of his term, or fails to pay his rent for three days after the same shall be due."

It will be observed that there is no limitation in this statute as to the party who may maintain the action, and it therefore seems a proper construction of that subdivision that the action may be maintained, not only by the lessor, but his assignee or grantee, as such was evidently the intention of the Legislature in adopting the provision. The object of these sections evidently is to provide a speedy and summary remedy for the landlord or his grantee or assignee to recover possession of the premises instead of resorting to the expensive and dilatory proceedings of an action in ejectment, or, more propertly under our Code, an action to recover possession of the property.

Much reliance is also placed by the appellant upon the case of Murry v. Burris et al., decided by the Supreme Court of Dakota Territory and reported in 6 Dak. 170, 42 N. W. 25. But, after a careful examination of the able and learned opinion of the late territorial court written by Chief Justice Tripp, we are of the opinion that the case does not sustain the appellant's contention. It appears from the statement of facts in that case that the plaintiff alleged in his complaint an unlawful entry by the defendants by force and volance, and an unlawful entry by the defendants by fraud and stealth with unlawful detention. The defendants in their answer denied generally the allegations of each count, and pleaded, in substance, that the defendants were lawfully possessed

of the premises as tenants of one O'Neill, who was the owner thereof by purchase from the plaintiff, and pleaded the pendency of a former action. The Supreme Court in its opinion takes the view that, under the pleadings and evidence offered, the question of title was clearly raised in the case, and that the justice court should have certified the case to the circuit court, then the district court, for its decision. The question of the right of an assignee of the lease or grantee from the landlord was not involved, and hence the decision in that case has but little, if any, application to the case at bar.

[4] The contention of the appellant that the defendant by alleging that by his lease he acquired an estate in the premises and that such estate amounted to a title to the property is clearly untenable.

Every tenant while complying with the terms of his lease has an estate in the premises leased but no title to the property.

[5] It is a settled rule of law that a tenant cannot question the title of his landlord without first surrendering up possession of the property under the lease and thereby terminating the tenancy. The plaintiff by virtue of his assignment of the lease from Edgerton, the landlord, and as grantee of Edgerton, acquired the right to possession of his grantor, and his title was no more subject to question by the lessee than would have been the title of his grantor, Edgerton.

[6] Therefore no question of title was properly raised by the defendant in his answer. It seems to be generally held that a mere claim by the defendant that the title is involved is not sufficient to oust the justice court of jurisdiction, but it must affirmatively appear from the pleadings or evidence that it is in fact necessarily in issue. If this were not so, the defendant in nearly every action under the forcible entry and detainer act could oust the justice court of jurisdiction by claiming that a question of title was involved. The effect of the answer would seem to be simply to raise the question of defendant's right of possession under his lease, and not plaintiff's title. This question was properly triable by the justice court.

We are clearly of the opinion, therefore, that the circuit court was right in remanding the action to the justice court, and the order appealed from is affirmed.