TULSA FUEL & MFG. CO. *et al.* v. McCARTY *et al.*

No. 4621.   Opinion Filed July 13, 1915.

(150 Pac. 700.)

1.   **RECORD PROPER—Error Not Apparent.** We have examined the record proper in this case, and find no reversible error.

2.   **APPEAL AND ERROR—Presentation for Review—Denial of New Trial—Assignments of Error.** Where it is sought to have errors occurring at the trial considered here, it is a prerequisite that the action of the trial court in overruling the motion for a new trial be assigned as error in the petition in error.

(Syllabus by Brewer, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by J. P. McCarty and another against the Tulsa Fuel & Manufacturing Company, a corporation, and another.   Judgment for plaintiffs, and defendants bring error.   Affirmed.

*Haskell B. Talley,* for plaintiffs in error.

*Charles W. Grimes,* for defendants in error.

Opinion by BREWER, C.   This suit was brought by the owner of certain lands to cancel an oil and gas lease thereon.   At a trial of the case before the court on June 8, 1912, the court made and entered the following decree, which included a finding of facts:

"(1)   That the plaintiffs, J. P. McCarty and Lizzie McCarty, are and were the owners of the land in controversy at the date of the commencement of this suit, and had been ever since the 21st day of October, 1908.

"(2)   That on the 29th day of August, 1906, Leah Pond, of Ames, Ind. T., who was then the owner of said land, executed a departmental oil and gas lease to the

Tulsa Fuel & Manufacturing Company, of Gas, Kan. This lease contains, among other provisions, a clause making the lessee subject to the rules and regulations of the Interior Department that were then in force, or thereafter to be promulgated and put in force, and also contains a clause which provides for diligence to be exercised in the sinking of wells for oil and gas on the lands covered by the lease by drilling at least one well thereon within 12 months from the date of the approval of the bond by the Secretary of the Interior, with a further provision that should the party of the second part fail, neglect, or refuse to drill at least one well within the time stated, the lease may, in the discretion of the lessor, be declared null and void after 10 days' notice to the parties, and with a further provision that the lessee shall have the privilege of delaying operations for. a period of not exceeding five years from the date of the approval of the bond to be furnished in connection therewith by paying to the United States Indian agent, for the use and benefit of the lessor, in addition to the required annual advanced royalty, the sum of $1 per acre per annum for each leased tract remaining undeveloped, with a further provision that the lessee may be required to immediately develop if the lessor so determines, to which defendants except.

"(3)     This lease was assigned on the 13th day of September, 1911, to the codefendants, Duquesne Oil & Gas Company.

"(4)     That after the plaintiffs became the owners of the property in controversy, he designated a place, and that the defendant Tulsa Fuel & Manufacturing Company had actual knowledge, and did thereafter pay the royalties and nondevelopment rental to the Union Trust Company, the same having been designated by the plaintiffs as the place of payment, to which defendants except.

"(5)     That such payments were made up to and covering the periods ending July 3, 1911, and August 25, 1911.

"(6)     That the last payment of the nondevelopment rental under the terms of this lease was made in July, 1910, to which defendants except.

"(7)    That the nondevelopment rental under the terms of this lease was due and payable on the 3d day of July, 1910, and on the same day of each succeeding year thereafter, and that the advanced royalty was due on the 29th day of August of each succeeding year, to which defendants except.

"(8)    That default in the payment of both the advanced royalty and the nondevelopment money was made for the years ending July 3, 1912, and that said defendants, or either of them, have not drilled upon said lands, to which defendants except.

"It is therefore by the court ordered, adjudged, and decreed that the plaintiffs, J. P. McCarty and Lizzie McCarty, were at the time of the commencement of this action, and now are, the owners in fee simple of the following described lands, to-wit:  The E. ½ of the S. W. ¼ of the S. W. ¼, and the S. W. ¼ of the S. W. ¼ of the S. W. ¼, and the S. ½ of the N. W. ¼ of the S. W. ¼ of the S. W. ¼, all in section 4, township 19 north, range 13 east, Tulsa county, Okla.; and it is further adjudged that the defendants, Tulsa Fuel & Manufacturing Company and Duquesne Oil & Gas Company, or either of them, have no right, title, or valid claim therein, or interest whatsoever in said lands; and that said lease, together with the pretended assignment thereof, be and the same are hereby canceled, set aside, and held for naught, and that said defendants and each of them be and they are forever barred and restrained from asserting any claim or claims in and to said lands hereinbefore described; and that the title to said lands be forever quieted in plaintiffs, J. P. McCarty and Lizzie McCarty, as against said defendants and each of them; and that the costs of this action in the sum of $12.50 be taxed against said defendant—to which defendants except."

Thereafter, on June 10, 1912, the defendants in said suit, plaintiffs in error here, filed a motion for a new trial, and same was, on said day, overruled by the court, to which defendants excepted.  Within the time allowed, de-

fendants made and served a case-made, which was properly signed, sealed, and certified, and the same, together with a petition in error, were filed in this court December 4, 1912.

The petition in error contains 17 separate assignments, which may be briefly stated as follows: First, Error in admitting testimony; the second, third, fourth, ninth, and eleventh relate to alleged errors of the court in finding that the annual and nondevelopment rentals were payable in advance; the fifth and sixth relate to the court's finding on the question of tender and payment, and the seventh, eighth, and tenth allege error of the court in its holding regarding plaintiff's right of forfeiture of the lease; the twelfth, thirteenth, fourteenth, and fifteenth allege errors growing out of the holding of the court that the lease agreement was lacking in mutuality; the sixteenth relates to the holding of the court with reference to modification of a condition by the Secretary of the Interior; and the seventeenth alleges error of the court in its holding relative to the question of notice to develop the land by drilling. It will be observed that plaintiffs in error have not complained in the assignments set out of the action of the court in overruling the motion for new trial. Such an assignment is a prerequisite, where it is sought to have reviewed here any alleged errors of the court occurring at the trial below; and, without such an assignment, such errors cannot be considered and passed upon by this court. *Martin et al. v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *Burrus v. Funk,* 29 Okla. 677, 119 Pac. 976; *Hunter v. Hines et al.,* 33 Okla. 590, 127 Pac. 386; *St. L. & S. F. R. Co. v. Davis,* 39 Okla. 98, 134 Pac. 21.

We have examined with some care the record proper, and find that the petition filed in this case is sufficient in its averments to warrant the decree rendered; that the issues in the case were raised by the defendants through the medium of a general denial; that the lease involved, together with its assignment from one to the other of the defendants, with certain other written instruments appertaining thereto, were introduced as evidence in the case during the progress of the trial. Therefore any errors of construction of the lease, or other documents relating thereto, involve such matters, and only such, as occurred at the trial, a consideration of which, as has been seen, is forbidden.

Therefore, finding no error upon the face of the record proper, and being without authority to examine alleged errors occurring at the trial, we recommend that the judgment should be affirmed.

By the Court: It is so ordered.