## NATIONAL ABSTRACT CO. v. SMITH, Adm'r.

No. 16290—Opinion Filed March 23, 1926.

**1. Appeal and Error—Sufficiency of Evidence—Law Action Tried to Court.**

A judgment reached in a law action tried to the court will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the judgment.

**2. Same—Insufficiency of Evidence.**

Record examined; held, that there is no competent evidence to support the judgment of the court in favor of this defendant.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by National Abstract Company against Eugene B. Smith, administrator of the estate of A. R. Morgan, deceased. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Thompson & Smith, for plaintiff in error.

Eugene B. Smith, for defendant in error.

Opinion by WILLIAMS, C. The parties

herein will be referred to as they appeared in the trial court.

Plaintiff sued the defendant on an assigned account for $451.14. To the petition of the plaintiff the defendant, Morgan, filed his answer consisting of a general denial. The action was instituted on November 14, 1914, and tried on the 7th day of November, 1924. Prior to the trial of the case the defendant, Morgan, died, and the case was revived in the name of Eugene B. Smith, the duly appointed, qualified and acting administrator of the estate. A supplemental petition was filed by the plaintiff, setting forth the foregoing facts, to which the administrator filed a general denial. There is no contention as to the legality of the appointment of the administrator, and it is admitted that creditor's claim was presented to said administrator, and the same was by the administrator disallowed.

All parties waived a jury and submitted the issues to the court, who, after hearing the testimony, rendered judgment for the defendant. A motion for a new trial was overruled, and the plaintiff appeals, and assigns two grounds for reversal, to wit: "First, the judgment of the court for the defendant is against all of the evidence, and all of the law arising thereon; second, the court should have rendered judgment for the plaintiff in the sum set out in the creditor's claim, presented to the administrator and exhibited with the supplemental petition, namely, $291.09, principal, and $160.35 interest."

The evidence, in brief, is substantially as follows: The witness Beard testified that he was president of plaintiff company; that he prepared the itemized account sued upon and attached to plaintiff's petition; that he has personal knowledge of all the facts, and that the account sued upon is true, correct, due and unpaid; that subsequent to the institution of this suit upon said account, the holders of the stock of the company sold the same to one Fitzhugh, but that the stock had not been transferred on the books of the company, and would not be until paid for; that he, Fitzhugh, made no claim to the account sued upon; that it was agreed by and between Fitzhugh and the plaintiff, that in case a judgment was recovered by the plaintiff in the instant case the proceeds of such judgment, when collected, were to be turned over to Mrs. Beard in payment of a claim of Mrs. Beard for services rendered for the plaintiff. On behalf of the defendant, the witness Fitzhugh testified that he was president and general manager of the National Abstract Company. He purchased the stock from the Beards; that so far as he knew the company had no claim against the abstract company; that he knew nothing of the merits of the plaintiff's claim; that no transfer of stock had been made on the books of the company and would not be until the stock was paid for; that he had no objection to the suit for the purpose for which it was brought.

Notwithstanding the fact that the evidence of plaintiff shows that the claim sued upon was for a valuable consideration assigned to the plaintiff, and that the plaintiff was the owner and holder thereof, and that the same was due and unpaid, and that the only right Mrs. Beard had to the claim was an agreement to the effect that should judgment be had the proceeds of said judgment should be paid to Mrs. Beard to satisfy her claim for services performed for said company, the court rendered a judgment for the defendant. Upon what ground we are unable to determine. The evidence shows conclusively that at the inception of this case the National Abstract Company was the owner and holder of said claim, and they were at all times the owner of such claim. The evidence further shows that Mrs. Beard was not the owner of the claim, but under an agreement by and between Fitzhugh and the National Abstract Company at the time Fitzhugh purchased the stock of the owners thereof, the claim was to remain the property of the National Abstract Company, and when reduced to judgment the proceeds of the judgment were to go to Mrs. Beard in satisfaction for work she had done for the National Abstract Company. That in no wise changed the status of the case. It only shows that Fitzhugh never had any interest in the claim, and neither did Mrs. Beard, other than in so far as the arrangement made between the parties that the proceeds of the judgment should go to her when collected.

The sale of the stock during the pendency of the action by the owners thereof to Fitzhugh would have no tendency to abate the action. Section 223, C. O. S. 1921, is as follows:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representatives or successors in interest, upon such terms and in such time as may be just under the circumstances presented. In case of any other transfer of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

This section has been construed in the case of Anderson v. Ferguson, 12 Okla. 307, 71 Pac. 225, and in the third paragraph of the syllabus, it is said:

"Where the interests in the subject-matter of the pending suit are transferred, it is proper, under the statute, for the court to permit the person to whom such interest is transferred, to be substituted for the original party to the action, or the action may be continued in the name of the original party."

The above section of our statute was adopted from the Kansas Code and is identical with section 40 of the Civil Code of Kansas, and Judge Valentine, in construing the last mentioned section, in the case of Kansas, O. & T. Ry. Co. v. Smith, 40 Kan. 192-194, 19 Pac. 636, at page 638 of the opinion said:

"* * * It is only in cases of a transfer of interest, where the original party still exists, and where he or it is still able to prosecute or defend in his or its own name, that the action may be continued to be prosecuted to the end in his or its own name."

Especially is this law applicable to a corporation.

It appears from the testimony that Morgan owned the Beard Real Estate Company. The Beard Real Estate Company assigned the account to the National Abstract Company. The National Abstract Company brought suit on the account against Morgan. While the suit was pending the owners of the stock at the time the suit was commenced sold their stock to one Fitzhugh. The sale of the stock by the owners to Fitzhugh could not and did not affect the corporation's life or existence. If the suit was pending while the National Abstract Company owned the stock, and during the pendency of the suit and before judgment the owners sold the stock to Fitzhugh, the only difference it would make, if any, would be that Fitzhugh would be entitled to share in the judgment according to the stock he purchased, and this would not be true in the instant case, because of the testimony of both Fitzhugh and Beard, that Fitzhugh was not entitled to any part of the judgment. The only thing that can concern the defendant is that the corporation owned the account sued upon. The ownership by the corporation of the account does not depend upon who may or who may not own the stock. It is of no concern to the defendant to whom the proceeds of the judgment may go after it is paid to the corporation. If the corporation owns the account and reduces it to judgment, the defendant will be protected in paying the amount of the judgment to the plaintiff corporation. Who may own the stock or what the corporation may do with the proceeds of the judg-

ment cannot affect the ownership of the account by the corporation in the first instance.

It is the settled law of this court, that where there is any competent evidence reasonably tending to support the judgment of a trial court the same will not be disturbed upon appeal. But in this case there is no evidence to sustain the judgment of the trial court, and the same should be and is reversed, and the cause remanded for further proceedings, in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879 § 2853; 2 R. C. L. p. 202; d R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 4 C. J. p. 882 § 2854.