C. W. MARTIN, AND IDA F. MARTIN v. CHARLES GASSERT.

(Filed September 5, 1906.)

1. CASE MADE—Must Contain What. Where a case is brought to this court for review, and it is sought to reverse the judgment of the district court on a question of fact, and on the grounds that the evidence in the court below did not reasonably tend to support the judgment of the court, the case made must contain the positive averment, by way of recital, that it contains all the evidence submitted or introduced on the trial of the case, and

such recital cannot be supplied by the certificate of counsel, or of the stenographer, or the certificate of the trial judge, and where such case made does not contain such recital in positive terms, this court will not review any question depending entirely upon the facts for its determination.

2. SAME—Motion for New Trial. Where the appellant fails to assign as error the overruling of the motion for a new trial in the petition in error, no question is properly presented to this court to review error alleged to have occurred during the progress of the trial in the court below.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer. Trial Judge.*

*Doyle & Cress,* for plaintiffs in error.

*Wrightsman & Diggs,* for defendant in error.

### STATEMENT OF FACTS.

This was an action brought by the defendant in error on three promissory notes, and for the foreclosure of a real estate mortgage. Said notes being given as a part consideration for the purchase of a stock of merchandise located in the town of Morrison, Noble county, Oklahoma. The defendant in the court below claims that the plaintiff in that court at the time of said transaction represented to him that the said goods were marked at the wholesale cost price, and were of the reasonable value of $1736.00. It is also claimed that said misrepresentations were false as to the marking of said goods, and as to the value thereof, and were known to be false by the plaintiff at the time the same were made, and the defendants set up as a defense, fraud and misrepresentation. It is also alleged that defendants, on discovering said fraud, offered to return to said plaintiff said goods, and demanded a return of the consideration. All of

which the plaintiff in the court below refused. On the trial of the cause in the court below, the defendants admitted the execution of the notes, but pleaded in defense fraud and deceit, and want of consideration. The court held the burden of proof was on the defendants to establish their proof as set forth in their answer as a defense to the notes in question. Thereupon the plaintiffs in error introduced their evidence to prove the allegations of said answer, to which said evidence the defendant in error at the close thereof interposed a demurrer, the cause having been tried to the jury, which demurrer was by the court sustained. The jury was discharged, and judgment rendered against the plaintiffs in error. Motion for a new trial was filed in due time, overruled, and exceptions saved, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: The counsel for plaintiffs in error in their assignments of error urge for a reversal of this case:

First: The district court committed error of law in the trial of the case by excluding competent testimony which was offered by plaintiffs in error, rejected, and exceptions preserved.

Second: Error of the court in sustaining said demurrer of the plaintiff to the evidence of the defendants below, plaintiffs in error here, to which the plaintiffs in error excepted.

Third: For the reason that the decision of the court is contrary to the evidence.

Fourth: For the reason that the decision of the court is contrary to the law.

Fifth: For errors of law occuring at the trial and duly excepted, to at the time.

Sixth: That the court committed error in withdrawing said cause from the consideration of the jury, to which plaintiffs in error at the time duly excepted.

The questions presented on appeal to this court involve a consideration of all the evidence, the questions being as to the rightfulness of the judgment of the trial court in sustaining the demurrer to the evidence of the plaintiffs in error, and in rendering judgment against them. These assignments of error we think cannot be considered by this court, for the reason that the questions presented on this appeal involve a consideration of all the evidence, and there is nowhere in the case made the recital that it contains all the evidence introduced on the trial of the case. At page 156 of the case made there is found a certificate of the stenographer which states this fact. At page 165 is found a similar certificate made by the attorneys for the plaintiff in error, and at page 172, the statement is included in the certificate of the trial judge, that the record contains all the evidence in the case. But the repeated holdings of the Kansas supreme court, both before and after our adoption of their statute, are to the effect that such certificates are not sufficient, and that such statements must be in the nature of a positive recital in the case made itself, and that this defect cannot be supplied by any certificate either of the attorneys, the stenographer, or the trial judge.

In the case of *Bartlett v. Feeney,* cited by Judge Valentine in the case of *Eddy v. Weaver,* 15 Pac. 492-496; it was held that under the circumstances of that case, the statement of a fact which was not inserted in the case made, nor entered

in the proceedings of the court, but which was merely certi-fied to by the judge at the time of settling and signing the case, would not be considered by the supreme court.

In the case of *Hill v. First National Bank,* 22 Pac. 324: the supreme court of Kansas, says:

"In order to have the question of whether the evidence supports the finding and judgment, examined, the case-made should show that it contains all the evidence. A statement to that effect in the certificate of the district judge settling the case is insufficient."

In the case of *Ryan v. Madden, et al.,* 26 Pac. 680; the supreme court of Kansas say, in the body of the opinion:

"We also find there is considerable testimony in the rec-ord which follows the certificate of the stenographer. A statement is included in the certificate of the judge who set-tled the case to the effect that the case contains all the evi-dence that was introduced on the trial, but such statement was improperly included in the certificate, and is ineffectual to accomplish the purposes intended." Citing *Eddy v. Wea-ver,* 37 Kan. 540, 15 Pac. Rep. 492; *Hill v. Bank,* 42 Kan. 364, 22 Pac. Rep. 324.

Continuing, the court in the opinion, says:

"The first recital in the case made is to the effect that the case includes the evidence offered by each party before they rested, necessarily excludes that which was afterwards introduced. This was evidently deemed to be insufficient by the plaintiff in error, as he attempted to supplement it by the certificate of the official stenographer, and later by another certificate of the judge. We conclude that the record fails to properly show that all the evidence is preserved, and hence, under the authorities cited, we cannot say that the verdict is without support."

We have carefully examined this case made, and we find, except as contained in the certificate of the attorneys, the stenographer, and the trial judge, that it contains no statement to the effect that it contains all the evidence introduced on the trial. Now we take it that the reason that the certificate of the trial judge is not sufficient to cure this defect is based upon the fact that it is no part of the duty of the trial judge to supply any of the facts contained in the recitals necessary in the case made. His only duty is to see that the facts stated and the recitals made in the case made are correct. His only duty is to certify that the matters and things alleged in the case made are correctly stated. It is no part of his duty to go beyond this certificate and insert statements of facts not contained in the case made at the time the same is presented and served upon the opposite counsel. Now when a case made is served upon opposing counsel, and examined by them, it is a matter entirely immaterial to them whether it contains all or only a part of the evidence. They might accept service of it knowing that it did not contain the allegation that all the evidence taken at the trial was included therein, and when the same has been presented to the opposing counsel and served upon them, then the only purpose in presenting it to the court is that he may certify that the things therein contained are correctly stated, and it is no part of his duty to insert in that certificate that it does, or does not, contain all the evidence taken at the trial, unless the case made as prepared and served upon the opposite counsel contains that statement. Such seems to be the conclusion reached by the Kansas supreme court in the case of *Brown v. Johnson,* 14 Kan. 377, where the court says:

"The signature of a judge to a case made, or bill of exceptions, imports the truthfulness of the preceding statements in such case or bill,—nothing more; and we must look in those statements to see whether all the testimony is preserved or not."

And, in the case of *Eddy v. Weaver,* 15 Pac. 492-497, it is said:

"Where a case when it is served upon the adverse party, does not purport to contain all the evidence, he has no further interest in the matter than to know that what the case does contain is correct. Usually, in such cases, it is a matter of entire indifference to him as to how much or how little of the evidence is contained in the case; and if what is contained in the case is correct, he has no need to suggest any amendments to the case with regard to the evidence, although the case may not contain one half, or indeed, any of the evidence. Usually, when a party making a case for the supreme court desires that it shall be shown that the case contains all the evidence, the case itself, as served upon the adverse party should contain a statement to that effect, so as to give the adverse party an opportunity to suggest amendments, if he think the statement untrue, either by striking out the statement, or by inserting such other evidence as he may believe has been omitted, and thereby make the case speak the truth. It is the case itself, and not the certificate of the judge, which would show whether all the evidence introduced on the trial is contained in the case or not. All that the judge, in settling a case for the supreme court. can properly do, in the absence of the parties, and all that he need to do in any case, is to examine both the case as it has been made and served, and the amendments thereto as suggested by the adverse party, and then to allow all of each, so far as the same are correct, and so far as the amendments have relation to the case as made, and served, and also to correct any erroneous statements made in either the case or the amendments, so that the case when

settled shall speak the truth.    And when the case is thus settled, all that the judge need further to do is to indicate the same in some manner upon the case, and sign his name thereto.    Nothing else .is necessary to be done."

Now in this case, we think it cannot be contended that at the time of the inserting of this statement in the certificate of the trial judge attached to the case made, that all the parties were actually or constructively present when the case made was signed, and that such statement in the certificate would be binding upon them for that reason.    By referring to the dates contained in this case made, it will be found that the time for serving the case made expired in October, 1905. That the case made was served on the 9th day of August, 1905, but that it was not signed by the judge, or his certificate attached thereto until the 5th day of February, 1906, so it would not be presumed, after this lapse of time, that counsel were present at the time of the signing and attaching of this certificate.

.    And in the case of *Dodd v. Abram,* 27 Kan. 69, the supreme court of Kansas say:

"This case was settled long after the time had elapsed for making and serving a case, and for suggesting amendments; hence the statement contained in the certificate of the judge, that the case contains all the testimony offered and received, is improper."

In the case of *Board of County Commissioners of Washita County v. Hubble,* 8th Okla. 169, this court says:

"Before this court will consider the record and review the evidence based upon the ground that the findings of the court and judgment thereon are contrary to the evidence, or are not sustained by sufficient evidence, it must affirmatively appear in the case made itself that it contains all the evidence;

and a mere statement of recital to that effect in the certificate of the trial judge is not sufficient."

And in the case of *Geo. G. Frame v. Roland A. Ryel*, 14 Okla. 536, this court, in the body of the opinion, written by Justice Burwell, and concurred in by the entire court, says:

"The appellant has presented a number of citations of error, each of which requires an examination of the evidence taken upon the trial; and it is contended by the appellee that none of these specifications of error can be considered, because there is no statement in the case made to the effect that it contains all of the evidence taken upon the trial. A portion of the case made purports to be a transcript of the proceedings on the trial, at the end of which appears the certificate of the stenographer as follows:

"Territory of Oklahoma,

"Logan County, ss.

"I, Thomas A. Higgins, do hereby certify that the within and foregoing transcript is a true, full and complete record of all the evidence introduced upon the trial of the above cause.

"Witness my hand this 16th day of June, 1903."

"THOMAS A. HIGGINS,

"Court Reporter."

"This is the only statement in the case made to the effect that it contains all of the evidence, except the ordinary recitation in the certificate of the judge who settled the same. It is the well, established rule of practice in this court that where an appellant seeks to have the evidence reviewed, his case made, indpendent of the certificate of the judge, must contain a positive recitation that all of the evidence taken upon the trial is included therein, and the attachment of the court stenographer's certificate to the purported transcript and certificate within the case made is not a compliance with the law."

Further on in the opinion, the court says:

"A case made is prepared by the appellant, and the law requires, where he desires to have the evidence reviewed, a solemn statement that it contains all of the evidence, and as no such recitation appears in the record presented to this court, except as stated herein, none of the assignments of error will be considered, and the appeal will be dismissed at the cost of appellant."

And in a very recent case decided by this court, which may be regarded as the last declaration of this court upon this subject up to this time is in the case of *Sawyer & Austin Lumber Company v. Champion Lumber Company,* decided September 7th, 1905, and reported in the 84 Pac. Rep. 193. In an opinion rendered by the chief justice, and concurred in by this entire court, the following language is used.

"The case purports to contain the evidence, but the record contains no recital or other statement that it contains all the evidence introduced in the trial of the cause. There is a certificate of counsel that the case contains all the evidence, and also a certificate of the stenographer that his transcript contains all the evidence, but neither of these certificates are authorized or recognized. The case itself must contain the positive averment by way of recital that it does contain all of the evidence submitted or introduced on the trial of the case, and in the absence of such recital, this court will not review any question depending upon the facts for its determination. This question has repeatedly been decided."

And to support this, the writer of the opinion cites the following authorities: *Frame v. Ryel,* 14 Okla. 536, 79 Pac. 97; *Board of Washita County v. Hubble,* 8 Okla. 169, 56 Pac. 1058; *B. K. & S. W. Ry. Co. v. Grimes,* 38 Kan. 241, 16 Pac. 472; *Ryan v. Madden* (Kans. Supp.) 26 Pac. 680; *Pelton v.*

*Beuer* (Colo. App.) 35 Pac. 918; *Eddy v. Weaver*, 37 Kan. 540, 15 Pac. 492; *Hill v. Bank*, 42 Kan. 364, 22 Pac. 324.

Now as these assignments of error all require for their determination an examination into the evidence taken on the trial, and a decision as to what such evidence proves, and require an examination and weighing of such evidence, for the reasons herein stated, these assignments of error cannot be considered by this court.

There is another very strong reason why these assignments of error cannot be considered by this court. All the questions assigned in the petition in error in this case for the consideration of this case, and argued in the brief of counsel for plaintiff in error as grounds for reversal must have been, in order to be properly assignable here, set up and urged in a motion for a new trial. When the motion for new trial was overruled, this should have been assigned as error in their petition in error. Now the petition in error makes six assignments of error, but none of these assignments of error are on the ground that the court erred in overruling the motion for a new trial. This we think is a necessary assignment of error. We think, under the holdings of this court that it is not only necessary that the grounds for reversal should have been set up in the motion for a new trial, but when the motion for new trial is overruled, that that should be assigned as error, and that this is a necessary assignment of error before this court can consider errors occurring during the trial.

In the case of *Mollie C. Beal v. Mutual Life Insurance Co. of New York*, 7th Okla. 285, this court says:

"Where the appellant fails to assign as error the overruling of a motion for new trial in the petition in error, no question is properly presented in this court to review error

alleged to have occurred during the trial of the case in the court below."

In the case of *J. J. Douglas Company v. J. M. Sparks, et al,* 7th Okla. 259, this court says:

"Although a motion for new trial be filed in the court below upon grounds for which a new trial may be granted, and' the motion be overruled, the supreme court will not consider these grounds, unless, in the petition in error, the overruling of the motion for. a new trial is assigned as error."

And in the body of the opinion, at page 260, this court uses the following language:

"The motion for a new trial by the plaintiff below, who is also the plaintiff in error here is for the reasons (1) that the verdict and decision are not sustained by sufficient evidence, and are contrary to law; and (2) for errors of law occurring at the trial and excepted to by the plaintiff. The motion was overruled. The errors here assigned were upon the errors alleged to have occured at the trial. The fact that the motion for a new trial was overruled was not assigned as error in the petition in error. It has been repeatedly determined, under our Code of Civil Procedure adopted from Kansas, by the supreme court of Kansas, from which it was adopted, that even though a motion for a new trial be filed in the court below upon the grounds for which a new trial may be granted, and the motion be overruled, the supreme court will not consider these grounds, unless, in the petition in error, the overruling of the motion for a new trial is assigned as error."

Now a comparison of the assignments of error in the case at bar with the assignments of the errors in the case of *Douglas Company v. Sparks, et al.,* which the supreme court had before them when the opinion in the 7th Okla. was rendered, will show that they are almost identical, for there the question which is sought to be reviewed involves a consid-

eration of all the evidence in the case, and for these reasons, we think they are not properly subjects of review in this court.

In the case of *Crawford v. Railroad Company,* (Kan. supreme court) 25 Pac. 865, it is said:

"Nor can any of the points or questions involved, and which were subject to review upon the motion for a new trial, be considered in this court, unless the overruling of that motion is assigned for error."

For these reasons, the judgment of the district court is hereby affirmed, at the costs of the plaintiffs in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.