## McDONALD *et al.* v. WILSON.

### No. 901.   Opinion Filed July 11, 1911.

### (116 Pac. 920.)

APPEAL AND ERROR—Review—Assignments of Error.   Where the plaintiff in error fails to assign as error the overruling of the motion for a new trial in the petition in error, no question is

properly presented in this court to review errors alleged to have occurred in the progress of the trial in the lower court.

(Syllabus by the Court.)

*Error from District Court, Wagoner County; J. H. King, Judge.*

Action between Hugh McDonald and others and Charles Wilson. From the judgment, McDonald and others bring error. Affirmed.

*W. T. Hunt,* for plaintiffs in error.

*Enloe V. Vernor,* for defendant in error.

WILLIAMS, J.   Plaintiffs in error in their petition in error make the following assignments of error, to wit:

"(1) That the findings of fact and judgment in partition are not sustained by sufficient evidence.   (2) That the findings of fact and judgment in partition are contrary to law.   (3) That the court erred in finding that John Perryman and Randolph Perryman were legal heirs at law of Lizzie Harvey, deceased, and as such entitled to inherit of her land."

The finding made by the court is as follows:

"(1) That this suit was filed in this court on the 11th day of December, 1907, by plaintiff, in which he asks that the lands described in his petition be partitioned; that the defendants were personally served by summons; that thereafter the defendants, on the 7th day of February, 1908, filed their answer to said petition, to which plaintiff filed reply.

"(2) That Lizzie Harvey was a Creek freedwoman, and enrolled as such on the rolls of the Creek Nation, and that she died on or about the 22d day of July, 1899, intestate and without issue.

"(3) That the said Lizzie Harvey, on or about the 9th day of May, 1899, selected as her allotment the E. ½ of the S. W. ¼ and the N. W. ¼ of the S. W. ¼ of section 24, Tp. 18 N., and R. 18 E.; and that she selected as her homestead the S. W. ¼ of the S. W. ¼ of said section, now Wagoner county, Oklahoma, and that a certificate of selection was issued to her on that date.

"(4) That on or about the 7th day of November, 1903, a patent to the above lands was issued to Lizzie Harvey.

"(5) That the said Lizzie Harvey, deceased, left surviving her, as her sole and only heirs at law, Charles Perryman, Alex S. Perryman, and Jackson Perryman, all brothers of the whole

blood, and Hugh Perryman and Lizzie Smiles, *nee* Perryman; son and daughter of —— Perryman, deceased, a full brother of the said Lizzie Harvey; and also John Perryman, and Randolph Perryman, half-brothers of the said Lizzie Harvey, deceased.

"(6) That the said Charles Perryman, Alex S. Perryman and Jackson Perryman were each entitled to a one-sixth interest in and to said lands, that Hugh Perryman and Lizzie Smiles, *nee* Perryman, were each entitled to a one-twelfth interest in and to said lands; that John Perryman and Randolph Perryman were each entitled to a one-sixth interest in and to said lands.

".(7) That the plaintiff Charles Wilson, prior to the institution of this suit, purchased the interests of John Perryman and Randolph Perryman, or a one-third interest in and to said lands, and the defendants Hugh W. McDonald and Chas. F. McDonald, prior to the institution of this suit, purchased the interests of Charles Perryman, Alex S. Perryman, Jackson Perryman, Hugh Perryman, and Lizzie Smiles, *nee* Perryman, or a two-thirds interest in and to said lands, and are now the owners of the same.

"(8) That commissioners should be appointed to partition said lands between said Charles Wilson and Hugh W. McDonald and Chas. F. McDonald according to their respective interests, if partition in kind may be had without manifest injury to said premises, and if such partition cannot be made, to make a valuation and appraisement thereof, and report their proceedings forthwith to the court."

It is a settled rule that, where the plaintiff in error fails to assign as error the overruling of the motion for a new trial, no question is properly presented in this court to review errors alleged to have occurred during the progress of the trial in the lower court. *Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865; *Martin et al. v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Kimbriel v. Montgomery,* 28 Okla. 743, 115 Pac. 1013; *Meyer v. James, ante,* p. 7, 115 Pac. 1016; *Cox v. Lavine, infra,* 116 Pac. 920. It follows that under this record we are not permitted to look to the evidence to determine whether the finding of facts as made by the court was justified.

It is not contended in the brief of plaintiff in error that the judgment on the facts as found is erroneous, but that the evi-

dence was insufficient to sustain the finding of fact upon which judgment was entered.

The judgment of the lower court is therefore affirmed.

All the Justices concur.