## COX v. LAVINE.

No. 920.    Opinion Filed July 11, 1911.

(116 Pac. 920.)

**APPEAL AND ERROR—Review—Assignments of Error.** Where the plaintiff in error fails to assign as error the overruling of the motion for a new trial in the petition in error, no question is properly presented in this court to review errors alleged to have occurred in the progress of the trial in the lower court.

(Syllabus by the Court.)

*Error from Washington County Court; H. H. Montgomery, Special Judge.*

Action by Charles Lavine against J. D. Cox. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. C. Julian,* for plaintiff in error.

*Geo. S. Hill* and *W. T. J. Hartman,* for defendant in error.

WILLIAMS, J.   The plaintiff in error in his petition in error alleges error in the following respects:   (1) Verdict not sustained by sufficient evidence and contrary to law.   (2) In overruling demurrer by plaintiff in error to the evidence.   (3) In giving instruction No. 2.   (4) In refusing to give certain instructions.   (5) In overruling motion of plaintiff in error to exclude certain evidence, on the ground that no cause of action has been stated.   (6-8) In admitting certain evidence.   (9) In excluding the answers of certain witnesses.   (10) In admitting certain depositions.

Neither in the petition in error, nor in the brief, has plaintiff in error made any assignment or specification of error as to

the overruling of his motion for a new trial. It has been settled by former adjudications of this court that, where the petition in error fails to assign as error the overruling of the motion for a new trial, no question is properly presented in this court for review as to errors alleged to have occurred during the progress of the trial in the court below. *Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865; *Martin et al. v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Kimbriel v. Montgomery,* 28 Okla. 743, 115 Pac. 1013; *Meyer v. James, ante,* p. 7, 115 Pac. 1016.

As it was essential that all the errors complained of should be presented for the consideration of the trial court by motion` for a new trial, and an exception reserved thereto, it follows that there is nothing before us on this record for review.

The judgment of the lower court is affirmed.

All the Justices concur.