## BUTLER *et al.* v. OKLAHOMA STATE BANK OF DURANT.

No. 2450.   Opinion Filed January 7, 1913.

(129 Pac. 750.)

**APPEAL AND ERROR**—Assignments of Error—Motion for New Trial—**Denial.** Where appellant fails to assign in his petition in error as error the overruling of a motion for a new trial, no question that seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court, and such cannot be reviewed. **Meyer v. James,** 29 Okla. 7, 115 Pac. 1016.

(Syllabus by Robertson, C.)

*Error from Bryan County Court;*
*Charles A. Phillips, Judge.*

Butler et al. v. Oklahoma State Bank of Durant.

Action by the Oklahoma State Bank of Durant against E. O. Butler and another on a note. Judgment for plaintiff, and defendants bring error. Affirmed.

*Robert Crockett* and *W. L. Boner,* for plaintiffs in error.

*Utterback, Hayes & MacDonald,* for defendant in error.

Opinion by ROBERTSON, C. On September 1, 1910, leave was given plaintiffs in error to file an amended petition in error. The amended petition in error was filed August 1, 1911. On November 22, 1911, a motion was filed by defendant in error to strike the said amended petition in error from the files, which motion was, by the court, sustained on March 5, 1912, leaving the cause standing here on the original petition in error. Counsel for defendant in error now insist that this court is without jurisdiction to inquire into or consider the questions raised by the original petition in error, for that all questions so raised require the examination and consideration of the evidence introduced at the trial, and that plaintiffs in error have waived the consideration of such errors by failing to assign in their petition in error the overruling of their motion for a new trial. An examination of the record proves this contention to be true.

"Where appellant fails to assign in his petition in error as error the overruling of a motion for a new trial, no question that seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below, is properly presented to this court, and such cannot be reviewed." (*Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *McDonald v. Wilson,* 29 Okla. 309, 116 Pac. 920; *Cox v. Lavine,* 29 Okla. 312, 116 Pac. 920; *Burrus v. Funk,* 29 Okla. 677, 119 Pac. 976.)

These authorities are decisive of the question involved. Our investigation, therefore, is confined to the question of the sufficiency of the bill of particulars, which is in the usual and ordinary form of a declaration on a promissory note. It was not challenged by motion or demurrer. The execution of the note is expressly admitted by the answer. The answer raises issues of fact which were heard and determined by the jury, and the consideration of which, in this court, as has been seen above, has been waived.

The judgment is regular on its face, the court had jurisdiction of the subject-matter and the parties, and, perceiving no error in the record, the judgment should be affirmed.

By the Court: It is so ordered.