## SMITH v. ALVA STATE BANK.

No. 4074.    Opinion Filed March 11, 1913.

(130 Pac. 916.)

APPEAL AND ERROR—Petition in Error—Amendment—Motion for New Trial—Ruling.  An assignment of error to the effect that the court below erred in overruling a motion for a new trial is a new and distinct assignment of error; and a petition in error in the Supreme Court cannot be amended by incorporating such assignment therein after the statutory time for perfecting an appeal has expired.

(Syllabus by the Court.)

*Error from Woods County Court;*
*Wm. Bickel, Judge.*

Action between Ike Smith and the Alva State Bank.  From a judgment in favor of the latter, the former brings error.  Dismissed.

*Chase & Stevens,* for plaintiff in error.

*E. W. Snoddy,* for defendant in error.

HAYES, C. J.  Judgment was rendered in the court below in this cause on the 22d day of May, 1911.  A motion for a new trial was overruled on the 28th day of the following December.  Plaintiff in error brought this proceeding in error by filing in this court on the 12th day of June, 1912, his petition in error and case-made and causing summons to be issued.

The order from which he appeals is the order of the trial court overruling his motion for a new trial; but he fails to assign in his petition in error as one of his assignments of error this act of the court.  At the time of the overruling of the motion for a new trial, chapter 18, p. 35, Sess. Laws 1910-11, was in force.  By this act, all proceedings in error for reversing, vacating, or modifying final orders are required to be commenced in this court within six months from the rendition of the judgment or order complained of.  Without assigning as error the overruling of the

motion for a new trial, no questions relating to errors alleged to have occurred in the progress of the trial in the lower court are presented for review by the petition in error. *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *McDonald v. Wilson,* 29 Okla. 309, 116 Pac. 920; *Cox v. Lavine,* 29 Okla. 312, 116 Pac. 920.

Plaintiff in error on July 27, 1912, filed his application asking leave to amend his petition in error, assigning as one of the grounds therein the action of the court in overruling his motion for a new trial. This application, however, was not made until after the expiration of the time the statute allows for bringing his proceeding in error; and, under the rule settled by several decisions, amendments after the expiration of such time, which constitute new allegations of error, cannot be made. *Haynes v. Smith,* 29 Okla. 703, 119 Pac. 246.

It follows that the motion to dismiss should be sustained.

KANE, DUNN, and TURNER, JJ., concur; WILLIAMS, J., not participating.