## JENNINGS CO. v. DYER *et al.*

No. 2718.    Opinion Filed February 28, 1914.

(139 Pac. 250.)

1.    **APPEAL AND ERROR**—Presentation for Review—Errors at Trial —**Denial of New Trial.** Where plaintiff in error fails to assign as error in his petition in error the overruling of a motion for a new trial, no question which seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court, and such alleged errors cannot therefore be reviewed.

2.    **CONTINUANCE—Grounds.** Continuances of causes are not favored by the courts, and, when granted, the grounds must be such that the trial court may clearly see that a postponement of the case will result in the furtherance of justice. Such applications are addressed to the sound discretion of the court, and will not be reversed unless an abuse of discretion plainly appears.

3.    **CONTINUANCE—Grounds—Sickness of President of Corporation.** An application for a continuance in behalf of a corporation litigant, which stated that its president was confined to his home in another county on account of illness, and was unable to travel, accompanied by attending physician's certificate to that effect, and where it further appears in said application that such president had the general management of the corporate business, and that the facts pertaining to the action were peculiarly within his knowledge, and that plaintiff could not safely go to trial without his presence, and unless the cause was continued the rights of plaintiff would be greatly injured and endangered, does not, for the reasons set forth in the opinion, state a valid ground for continuance as provided in section 5836, Comp. Laws 1909 (section 5045, Rev. Laws 1910).

(Syllabus by Sharp, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by the Jennings Company against Mamie Dyer, Frank Dyer, Salina Dyer, Eliza Dyer, L. D. Akers, Jimmie Speake, and Dow Taylor, administrator of the estate of A. W. Speake, deceased. From a judgment in favor of defendant Mamie Dyer, plaintiff brings error. Affirmed.

*Moore & Bass,* for plaintiff in error.

*Johnson & McGill* and *Thos. Norman,* for defendants in error.

Opinion by SHARP, C. The errors assigned by plaintiff in error in its petition in error are as follows: (1) That the court erred in overruling plaintiff's motion for a continuance; (2) that the judgment is contrary both to the law and the evidence; (3) that the court erred in rendering judgment against plaintiff and in favor of defendant Mamie Dyer.

Motion for a new trial was filed and overruled, to which plaintiff excepted. The action of the court, however, in overruling the motion for a new trial has not been assigned as error in plaintiff in error's petition in error in this court, and, as all

the errors assigned are those occurring during the trial, none of the matters urged in its brief, unless it be the action of the court in overruling the plaintiff's motion for a continuance, can be considered; the rule in such cases being that where the errors assigned are those occurring during the trial, and appellant fails to assign as error the overruling of its motion for a new trial, in its petition in error, no question which seeks to review such errors is properly presented for review to this court. *Cox v. Lavine,* 29 Okla. 312, 116 Pac. 920; *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *George v. Moore,* 32 Okla. 842, 124 Pac. 36; *Hunter v. Hines et al.,* 33 Okla. 590, 127 Pac. 386; *Butler v. Oklahoma State Bank,* 36 Okla. 611, 129 Pac. 750; *St. Louis, I. M. & S. Ry. Co. v. Dyer,* 36 Okla. 112, 128 Pac. 265.

Assuming, without deciding, that the action of the trial court in overruling plaintiff's application for continuance may be properly considered, in view of the state of the record, as shown, we are of the opinion that no error in that respect was committed. Plaintiff in error is a corporation, and it appears from the affidavit for continuance, made by its attorney, that B. E. Jennings, president of said company, was, on account of illness, confined to his home in Oklahoma City, and unable to travel or to attend to business, as shown by the physician's certificate. The affidavit further states that the said B. E. Jennings, as president of the plaintiff corporation, "has the general management of the business of plaintiff, and the facts pertaining to this suit are peculiarly within his knowledge; that plaintiff could not safely go to trial without his presence, and, unless said cause is continued, the rights and interests of this plaintiff will be greatly injured and endangered." The case of *McMahan v. Norick,* 12 Okla. 125, 69 Pac. 1047, is relied upon by plaintiff as authority requiring a reversal of the judgment of the trial court, on account of the denial of a continuance to plaintiff. In that case the application for a continuance was supported not only by an affidavit of the attending physician, but the affidavit set forth the facts to which the defendant would testify if present, and further showed that said facts could not be proven by any other witness, and that, if the case was continued until the next term

of the court, the attendance of the defendant could be procured. The present affidavit contains none of the four provisions named. The statute (section 5836, Comp. Laws 1909; section 5045, Rev. Laws 1910) provides that a motion for a continuance, on account of the absence of evidence, can be had only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and that, if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts affiant believes the witness will prove, and that he believes them to be true. It is further provided that, if the adverse party will consent that on the trial the facts alleged in the affidavit shall be read and treated as a deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance on the ground of absence of such evidence shall be granted.

It is stated in the brief of counsel for plaintiff in error that the witness' presence was desired chiefly on the ground that, being a party to the suit, he had the right to be present at the trial, to assist counsel. It appears from the order of court, overruling plaintiff's application for a continuance, that a former continuance had been asked, and presumably granted, on account of the absence of one M. L. Alexander. At the trial, Alexander was present, and testified that he was the plaintiff's agent, and acquainted with the facts pertaining to the loan by plaintiff to defendants. While it is unquestionably an important privilege to a party to be present at the trial of his cause, which should not be denied upon a proper application made, unless for weighty reasons, yet where a party is represented by an agent, through whom the transaction in question was made, and who is familiar with the facts, and testifies fully concerning them, and it does not affirmatively appear that the absent party ('or, in this case, officer of a corporation which is a party) was himself a witness, we do not think that an abuse of discretion was made to appear. It is said in 9 Cyc. 96, that the illness of a

party is not *ipso facto* a cause for continuance of the trial; but where the party's presence at the trial is indispensable and the character of his illness is such as to render his presence at the trial impossible, a continuance should be granted. On the preceding page, it is observed that the presence of a party to an action, to aid and assist counsel in the trial of a cause, is not ordinarily considered essential. The absence of a party, not as a witness, but simply as an aid to counsel, is rarely regarded as a ground for continuance. It must be made to appear that the presence of the absent party is indispensable to a fair trial of the cause, and that injustice may result to the applicant in the event of a refusal of a delay.

As already seen, a former continuance of the trial, on the application of the plaintiff, had been granted. Continuances of causes are not favored by the courts, and, when granted, the grounds alleged must be such that the court may clearly see that a postponement of the case will result in furtherance of justice. Such applications are addressed to the sound discretion of the court, and will not be reversed unless an abuse of discretion plainly appears. *McCann v. McCann et al.,* 24 Okla. 264, 103 Pac. 694; *Kelley et al. v. Wood,* 32 Okla. 104, 120 Pac. 1110; *Beard v. Mackey,* 51 Kan. 131, 32 Pac. 921; *Paulucci v. Verity et al.,* 1 Kan. App. 121, 40 Pac. 927.

It may be stated, as a general rule, that an affidavit for a continuance of a cause must conform to the provisions of the statute authorizing the granting of a continuance. In our opinion, no sufficient showing for a continuance was made to appear. On the other hand, the facts pertaining to the transaction being within the personal knowledge of plaintiff's agent, Alexander, who was present and testified fully concerning the subject-matter of the action, the application to continue the cause a second time was properly denied.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.