## TURNER v. FIRST NAT. BANK.

No. 2593.    Opinion Filed March 17, 1914.

(139 Pac. 703.)

1.  **APPEAL AND ERROR**—Review—Assignment of Error—Motion for New Trial.   Where the appellant fails to assign as error the overruling of the motion for a new trial in the petition in error, no question is properly presented to this court to review error alleged to have occurred during the progress of the trial in the court below.

2.  **SAME**—Necessity of Specific Assignment.   Where an assignment of error is so general as not to point out the real error or errors complained of, this court will not consider them, nor will it examine the record with regard thereto.

3.  **BILLS AND NOTES**—Action Against Endorser—Petition—Sufficiency.   Petition examined and held to state a cause of action.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;
Farrar L: McCain, Judge.*

Action by the First National Bank against C. W. Turner.
Judgment for plaintiff, and defendant brings error.   Affirmed.

*Charles Bagg,* for plaintiff in error.

*Brainerd & Davis,* for defendant in error.

LOOFBOURROW, J.   The defendant in error, plaintiff
below, commenced this action against the plaintiff in error, de-
fendant below, in the superior court of Muskogee county, its
petition alleging, in substance, that it is a corporation duly organ-
ized, etc., with place of business in the city of Muskogee.   That
on the 21st day of December, A. D. 1908, George I. Uhl, being
indebted to Samuel N. McPherson in the sum of two hundred
and thirty dollars ($230), made, executed and delivered to the
said Samuel N. McPherson his certain promissory note in writ-
ing, bearing date and day and year aforesaid, signed by the said
George I. Uhl, and therein and thereby four months after date
thereof promised to pay to the order of the said Samuel N.
McPherson two hundred and thirty dollars ($230) for value re-
ceived, with interest after maturity at the rate of eight (8) per
cent. per annum until paid; that after the execution and delivery
of said note and before the maturity the said Samuel N. Mc-
Pherson for a valuable consideration endorsed and transferred
said promissory note to the plaintiff, and the plaintiff is now the
owner and holder thereof. That after the execution and delivery
of said note and before the same was endorsed and transferred
to the plaintiff, the defendant, C. W. Turner, by his certain en-
dorsement, duly written and endorsed on said note, endorsed
said note, and by virtue of said endorsement then and there be-
came liable to pay to the payee of said note, the said Samuel
N. McPherson, or to his order, the said sum of money in said
note mentioned according to the tenor and effect thereof. That
the defendant, C. W. Turner, at the time of making said en-
dorsement, by his endorsement in writing duly entered on said
note, waived presentment, notice of nonpayment and protest of

said note. That no part of said note has been paid, and that although payment has been demanded said sum of two hundred and thirty dollars ($230) and interest from April 21, 1909, to date, is still unpaid, and is justly due and owing from the defendant to the plaintiff. A copy of said promissory note is hereto attached and is marked "Exhibit A," and the same is referred to and made a part of this petition. And plaintiff prayed for judgment; the petition being verified. The exhibit attached to said petition is as follows:

"Muskogee, Ind. Ter., Dec. 31, 1908.

"Four months after date, I promise to pay to the order of Samuel N. McPherson, the sum of two hundred and thirty dollars ($230.00) for value received, negotiable and payable without defalcation or discount and with interest from date at the rate of 8 per cent. per annum until paid.

"(Signed)   GEORGE I. UHL.

"Endorsements:

"Protest waived.

"(Signed)   C. W. TURNER,

"SAMUEL N. McPHERSON."

To this petition defendant filed a general demurrer, which was by the court overruled and exceptions saved, and thereafter the defendant answered and the case was tried and judgment rendered in favor of the plaintiff and against the defendant. The defendant filed a motion for new trial, which was overruled and exceptions duly saved, time being granted in which to make, serve and settle case-made, and the same is now before us on appeal.

The petition in error contains nine assignments. First, error in overruling the demurrer to the petition. Second, error in the admission of certain testimony. Third, error in overruling the demurrer to the evidence of the plaintiff. Fourth, error in directing a verdict. Fifth, error in instructing the jury to return a verdict in favor of the plaintiff, for the reason that the amount thereof is excessive. Seventh, error in entering said judgment, because the same is against the law and the evidence. Eighth, error in entering judgment against the defendant, because the amount is excessive. Ninth, "the court erred in other matters and respects in said case, which errors will be disclosed by an inspection of the record in said case."

The plaintiff in error fails to assign as error the action of the trial court in overruling the motion for a new trial, and it has been repeatedly held by this court that where the appellant fails to assign as error the overruling of the motion for a new trial in the petition in error, no question is properly presented to this court to review error alleged to have occurred during the progress of the trial in the court below. See *Beall v. Mut. Life Ins. Co.*, 7 Okla. 285, 54 Pac. 474; *Martin v. Gassert*, 17 Okla. 177, 87 Pac. 586; *J. J. Douglas Co. v. Sparks*, 7 Okla. 259, 54 Pac. 467; *Whitacre v. Nichols*, 17 Okla. 387, 87 Pac. 865; *Kimbriel v. Montgomery*, 28 Okla. 743, 115 Pac. 1013; *Meyer v. James*, 29 Okla. 7, 115 Pac. 1016; *Cox v. Lavine*, 29 Okla. 312, 116 Pac. 920; *McDonald v. Wilson*, 29 Okla. 309, 116 Pac. 920; *Burroughs v. Funk*, 29 Okla. 677, 119 Pac. 976; *George v. Moore*, 32 Okla. 842, 124 Pac. 36. The ninth assignment is too general in its terms; it neither points out error nor directs the court's attention to any facts showing cause for reversal. See *Willett v. Johnson*, 13 Okla. 563, 76 Pac. 174. An assignment of error is a pleading and must state facts showing a sufficient cause for reversing, and where an assignment of error is so general as not to point out the real error or errors complained of, this court will not consider them, nor will it examine the record with regard thereto.

The only question properly raised by the petition in error is that presented by the first assignment of error, Does the petition state a cause of action? This note was executed and delivered when the 1893 statute was in force. Section 3607, Wilson's Rev. & Ann. St. 1903, provides:

"One who writes his name upon a negotiable instrument otherwise than the maker or acceptor and delivers it with his name thereon to another person is called an endorser and his act is called endorsement."

Section 3622, Wilson's Rev. & Ann. St. 1903, provides:

"The want of consideration for the undertaking of the maker, acceptor or endorser of a negotiable instrument does not exonerate him from liability thereon to an endorsee in good faith for a consideration."

The petition states a cause of action, and the demurrer was properly overruled.

The judgment of the trial court is therefore affirmed.

All the Justices concur.