## O'NEIL, *et al.* v. JAMES.

### No. 5172. Opinion Filed April 14, 1914.

### (140 Pac. 141.)

1. **APPEAL AND ERROR** — New Trial — Assignments of Error. Where the plaintiff in error fails to assign as error the overruling of his motion for a new trial, the Supreme Court has no power to review errors alleged to have occurred during the progress of the trial.

2. **SAME—Preliminary Proceedings.** Errors of law occurring during the preliminary proceedings before trial, such as rulings relating to process, service, motions, or demurrers, should be specially assigned.

3. **SAME—Demurrer to the Petition.** A ruling of the court upon a demurrer to the petition may be presented by a transcript, without bill of exceptions or case-made, provided the ruling upon the demurrer is one of the assignments of error in the petition in error.

4. **SAME—Overruling of Demurrer.** Error of the trial court in overruling a demurrer to the petition is not presented for review by an

assignment of error in the petition in error which reads:    "(4) The judgment of the court in all these matters is contrary to law and against all the competent evidence which was introduced and heard upon the trial."

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by Simeal James, a minor, by Serena James, his guardian, against George K. O'Neil and the Okla. Oil Company. Judgment for plaintiff, and defendants bring error. Dismissed.

*Sherman, Veasey & O'Meara,* for plaintiffs in error.

*Carr & Field* and *Thompson & Patterson,* for defendant in error.

KANE, J.    This cause was submitted on a motion to dismiss, filed by the defendant in error, upon the ground that the plaintiffs in error did not assign as error the action of the trial court in overruling their motion for a new trial, and, inasmuch as all errors assigned in the petition in error are such as should have been presented to the court below for re-examination, by a motion for a new trial, the Supreme Court is without authority to review such errors.    The motion to dismiss seems to be well taken.    *Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865; *Martin v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Southwestern Cotton Seed Oil Co. v. Bank,* 12 Okla. 168, 70 Pac. 205; *Kimbriel v. Montgomery,* 28 Okla. 743, 115 Pac. 1013; *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *Stinchcomb et al. v. Myers,* 28 Okla. 597, 115 Pac. 602; *Haynes et al. v. Smith,* 29 Okla. 703, 119 Pac. 246; *Butler v. Oklahoma State Bank,* 36 Okla. 611, 129 Pac. 750.

Counsel for plaintiffs in error concede the rule to be as above stated, but contend that under their fourth assignment of error, which is, "The judgment of the court in all these matters is contrary to law and against all the competent evidence which was introduced and heard upon the trial," the question of whether the petition states facts sufficient to constitute a cause of action may be reviewed under the present state of the record.    This conten-

tion is without merit for at least two reasons: (1) The fourth
assignment of error merely refers to the assignments which pre-
cede it in the petition in error, which are all errors occurring
at the trial, and avers that in the particulars therein stated the
judgment is contrary to law and against all the competent evi-
dence. (2) If the fourth assignment could be construed to mean
that the judgment of the court is contrary to the law and the
evidence, it would merely state one of the statutory grounds for
a new trial, which it would be necessary to embrace in a motion
for a new trial and present to the court below for re-examination
before it would be reviewable in the Supreme Court.

There is no assignment of error which in terms attempts to
attack the sufficiency of the petition. The rule is well established
in this jurisdiction that errors of law occurring during the pre-
liminary proceedings before trial, such as rulings relating to pro-
cess, service, motions, or demurrers, should be specially assigned.
*Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940; *Menter v. Shuttee,* 11
Okla. 381, 67 Pac. 478. In the latter case it was said:

"While the ruling upon the demurrer to the amended peti-
tion is the only question presented by the transcript which under
our practice is proper for consideration, that ruling is not assigned
as error, and is not reviewable. This court will not review rul-
ings and orders of the trial court which are not complained of
and embraced in the petition in error."

Discussing the same question in a later case, decided since
statehood, *Haynes v. Smith, supra,* Mr. Justice Williams, who
delivered the opinion of the court, says:

"The record, however, is certified as a transcript, and, if
any assignment of error in the petition in error raises any ques-
tion that could be brought up on transcript, the appeal should
not be dismissed. The following are the assignments of error
in the petition in error: (1) Verdict and judgment contrary to
law. (2) Judgment and verdict not sustained by the weight of
evidence. (3) Error in the instructions given the jury. (4)
Irregularities in the proceedings at said trial, by which the de-
fendants were prevented from having a fair trial. (5) Errors of
law occurring at the trial, and excepted to by plaintiff in error.
The assignments of error in the petition in error raise questions
that it is essential to bring up the evidence and rulings of the
trial court thereon, either by case-made or bill of exceptions, in

order to determine whether there was error. * * * The overruling or sustaining of a demurrer to a pleading is not included in 'errors of law occurring at the trial.' * * * It follows that no error is assigned in the petition in error that may be reviewed on a transcript."

Subsequent to the filing of the motion to dismiss, counsel for plaintiff in error filed a motion asking leave to amend the petition in error by adding assignments of error to the effect that the court erred in overruling their motion for a new trial, and in overruling their demurrer to the petition. As the time for appeal from the action of the court in the above matters has expired, the motion asking leave to amend the petition in error must be overruled. It has often been held by this court that such assignments of error constitute new and distinct assignments, setting up a new cause for the reversal of the judgment of the lower court, and amendments to the petition in error embracing such assignments cannot be made after the statutory time for perfecting an appeal has expired. *Smith v. Alva State Bank,* 35 Okla. 638, 130 Pac. 916; *M., O. & G. Ry. Co. v. McClellan,* 35 Okla. 609, 130 Pac. 916.

For the reason stated, the appeal must be dismissed.

All the Justices concur.