## BICE et al. v. MYERS et al.

No. 6683.   Opinion Filed October 13, 1914.

Application for Rehearing Stricken from the Files February 2, 1915.

(145 Pac. 1150.)

**APPEAL AND ERROR—Assignments of Error—New Trial—Denial.**
Where plaintiff in error fails to assign as error the overruling of the motion for a new trial in the petition in error, no question is properly presented in this court to review errors alleged to have occurred in the progress of the trial in the lower court, and the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*

*J. T. Johnson, Judge.*

Action between Jefferson L. Bice and others and James H.

Myers and others. From a judgment in favor of the latter, the former bring error. Dismissed.

*W. C. Henderson,* for plaintiffs in error.

*J. A. Diffendaffer* and *Stevens & Myers,* for defendants in error.

LOOFBOURROW, J. Defendants in error have filed a motion to dismiss the appeal herein, for the. following reasons:

"(1) That no cause is presented by the petition in error and record thereto attached, which is entitled to be reviewed on appal; (2) that the first assignment of error cannot be considered in the state of the record and petition in error, for the reason that the plaintiff in error has not assigned the overruling of the motion for new trial as a ground of error; (3) that the second assignment of error presents no question for review under the state of the record and petition in error, for the reason that the overruling of. the motion for new trial of plaintiff in error is not assigned as error."

The petition in error sets out the following assignments of error on which plaintiff in error relies for a reversal.

"The trial court erred in overruling and refusing the request and demand.for a jury and in denying to the plaintiffs in error a trial by jury in this cause, which ruling of the court was excepted to by the plaintiffs in error and exceptions allowed, because this cause presented an issue of fact as shown by the pleadings and evidence produced and plaintiffs in error were entitled under the Constitution and laws of this state to have such disputed questions tried by a jury upon demand being made for a jury trial.

"(2) The trial court erred in rendering judgment for the defendants because the great preponderance of the testimony showed that the plaintiffs executed the instrument under which defendants claimed title to the land in controversy, believing the same to be a mortgage to secure a loan of $200, which belief was induced by the false representations of Jas. H. Myers and his agents and attorney who procured the purported deed, and also because the testimony showed without contradiction that the pre-

tended contract was executed to defraud plaintiffs, and was never carried out by defendant Myers and that there was no consideration whatsoever for said pretended deed. The judgment of the court was contrary to the evidence, and contrary to the law, and should have been for the plaintiffs in error, and said verdict and judgment of the court is wholly unsupported by the evidence."

An examination of the record discloses that there was a motion for new trial filed and overruled, and to which action of the court in overruling the same exceptions were saved, but it will be noticed that the plaintiff in error fails to assign as error in his petition in error the overruling of the motion for new trial.

It is a well established rule in this court that, where the plaintiff in error fails to assign as error the overruling of a motion for a new trial in his petition in error, no question is properly presented in the Supreme Court to review errors alleged to have occurred during the progress of the trial in the lower court. See *McDonald et al. v. Wilson,* 29 Okla. 309, 116 Pac. 920; *Cox v. Lavine,* 29 Okla. 312, 116 Pac. 920; *Kimbriel v. Montgomery,* 28 Okla. 743, 115 Pac. 1013; *Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865; *Martin et al. v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016.

The plaintiffs in error therefore having failed to assign or specify as error the action of the court in overruling the motion for a new trial, and, as the errors assigned and specified are predicated upon alleged errors occurring at the trial, there is nothing properly before this court for review.

The appeal is therefore dismissed.

All the Justices concur.