## JOHNSON v. JOHNSON.

No. 2677.  Opinion Filed October 13, 1914.

(143 Pac. 670.)

1. **JUSTICES OF THE PEACE** — Pleading — Reply — Judgment on Pleadings.  A reply not being a necessary pleading in justice court procedure, a motion for a judgment on the pleadings is properly overruled if the bill of particulars of plaintiff states a cause of action.

2. **PLEADING**—Plea of Former Adjudication—Judgment on Pleadings.  A plea of former adjudication presents an issue of fact, and one who relies upon a plea of former adjudication is not entitled to a judgment on the pleadings by reason of such plea.

3. **TRIAL**—General Exception to Charge.  A general exception to the charge of the court containing a great many distinct instructions, some of which are correct, is not available as error.

4. **JUSTICES OF THE PEACE**—Pleading—Construction—Exclusion of Evidence.  Pleadings in justice of the peace courts should be liberally construed, and an objection to the introduction of any testimony is properly overruled if the bill of particulars states a cause of action.

5. **APPEAL AND ERROR** — Assignments of Error — Sufficiency.  Where assignments of error are so general as not to point out the real error complained of, such assignments will not be considered by this court.

6. **APPEAL AND ERROR** — Verdict and Judgment — Evidence.  Where the evidence reasonably tends to support a verdict and judgment, the same will not be reversed on appeal.

(Syllabus by the Court.)

*Error from County Court, Sequoyah County;*
*W. H. Littlejohn, Judge.*

Action by Charles Johnson, against T. S. Johnson.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Curtis & Pitchford,* for plaintiff in error.

*L. C. McNabb,* for defendant in error.

LOOFBOURROW, J.  The defendant in error commenced this action against the plaintiff in error in a court of the justice

of the peace. The parties will be referred to according to the position they occupied in the lower court. The plaintiff's bill of particulars alleges, in substance, that the plaintiff is the owner of certain cotton of the value of about $96, and that the defendant converted the same to his own use and benefit and deprived the plaintiff thereof. Defendant filed the following answer:

"Now comes the said defendants, T. S. Johnson and W. H. Morley, and for their answer, deny each and every allegation, statement, and averment contained and set forth in plaintiff's bill of particulars.

"Second, and defendants, further answering, say that the matters and things set up in plaintiff's bill of particulars have been adjudicated in Justice Morley's court, a regular constituted and acting justice of the peace at the time he rendered a decision in his said court in favor of T. S. Johnson, who was the plaintiff, and Charles Johnson, defendant; that said judgment remains in full force, and has never been appealed from, or other proceedings had to reverse the same, and said judgment has become final and binding upon the said Charles Johnson. Wherefore defendants ask judgment for the costs."

After three mistrials the case was tried to the court without a jury, and judgment rendered in favor of the plaintiff, from which judgment defendant appealed to the county court of Sequoyah county, Okla. The case being called, the defendant filed the following motion:

"Now comes the said defendant and moves the court here to dismiss the above entitled action; on the ground that the matters contained and set up by the plaintiff in his said bill of particulars have been adjudicated in a certain action tried before Justice W. H. Morley, wherein T. S. Johnson was plaintiff and Dan Spight and Charles Johnson were defendants. Wherefore defendant asks that said cause be dismissed at the costs of plaintiff."

Which motion was overruled by the court. A jury being impaneled and the cause submitted, a verdict was returned in favor of plaintiff, upon which judgment was entered in the county court, from which defendant appeals. The second and fourth assignments of error will be considered together. "Second, said court erred in not rendering judgment for plaintiff in error on the pleadings," and "Fourth, the court erred in refusing to dis-

miss plaintiff's cause of action upon motion of defendant before the trial began." The case-made contains no motion for judgment on the pleadings, nor ruling thereon.

A plea of former adjudication, when properly pleaded, presents an issue of fact to be submitted to the jury. Under the justice procedure it is not necessary to file a reply; the statute provides that a bill of particulars be filed by the plaintiff, and if required a bill of particulars by the defendant.

The third assignment of error goes to the giving of the second and eleventh instructions. The record discloses that at the time the court delivered the charge to the jury the defendant made the following objection: "The defendant excepts to each paragraph of the instructions of the court herein."

A general exception to the charge of the court containing a great many distinct instructions, some of which are correct, is not available as error. See *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944; *Farquhar v. Sherman,* 22 Okla. 17, 97 Pac. 565; *Shelby v. Shaner,* 28 Okla. 605, 115 Pac. 785, 34 L. R. A. (N. S.) 621.

The fifth assignment and seventh assignment of error are as follows:

"Fifth. The court erred in submitting the force and effect of the records in the case pleaded as *res judicata* to the jury, over the objection of the defendant."

"Seventh. The court erred in refusing and ruling out competent and legal evidence on the part of plaintiff in error."

Each of these assignments is too general in its terms to direct the attention of the court to the error of which defendant complains. See *Willet v. Johnson,* 13 Okla. 563, 76 Pac. 174; *Turner v. First Nat. Bank,* 40 Okla. 498, 139 Pac. 703.

The sixth assignment charges error in permitting the plaintiff to introduce his testimony in support of his petition over the objection of defendant. While the bill of particulars could be improved upon as to form, the same, when liberally construed, states a cause of action, and the objection to the introduction of any testimony was properly overruled.

The defendant also assigns error in overruling motion of plaintiff in error for a new trial. We infer from the record that

the cause of action upon which defendant evidently based his plea of former adjudication is styled T. S. Johnson, Plaintiff, v. Dan Spight *et al.*, Defendants. The testimony in that case discloses that T. S. Johnson brought this action against Spight, Charlie Johnson, *et al.*, and that an attachment was issued in that cause and certain cotton in the possession of Charlie Johnson was attached, and that probably T. S. Johnson obtained a judgment in the justice court against Spight and the defendant in error, and that Spight *et al.* appealed from the judgment to the county court, but such judgment was not offered in evidence and is not incorporated in the case-made. The plea of former adjudication is therefore not sustained by the evidence. There is testimony tending to support the verdict and judgment on the general issues.

The judgment of the trial court is therefore affirmed.

All the Justices concur.