## RETAILERS' FIRE INS. CO v. EACOCK.

No. 6773.    Opinion Filed February 1, 1916.

(154 Pac. 1132.)

INSURANCE—Compensation of Agent—Share of Profits—Sufficiency of Evidence. The record in this case carefully examined, and the evidence found to reasonably support the verdict.

(Syllabus by Collier, C.)

*Error from Superior Court, Oklahoma County; Edward Dewes Oldfield, Judge.*

Action by R. M. Eacock against Retailers' Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Ledbetter, Stuart & Bell,* for plaintiff in error.

*Geo. D. Eacock* and *W. J. Davidson,* for defendant in error.

Opinion by COLLIER, C. This is an action brought by defendant in error against plaintiff in error to recover salary at the rate of $150 per month from the 15th day of July, 1913, until September 1st thereafter, and, in addition thereto, 10 per cent. of the net profits of the insurance business for the period of defendant in error's employment, from September 1, 1911, to September 1, 1913. It is averred in the petition that the profits of said business during said period of time amounted to $10,000, and that defendant in error's commission of 10 per cent. was $1,000.

Plaintiff in error answered by general denial and cross-petition. The case was tried to a jury, and a verdict rendered in favor of defendant in error in the sum

of $450. Motion for new trial was filed, overruled, and exception duly saved. Judgment was entered on said verdict. To reverse said judgment, this appeal is prosecuted.

The evidence discloses that the contract upon which said claim of salary and profits is based was entered into by and between the parties, and by section 3 thereof it is provided:

"At a salary of $125.00 per month and 10 per cent. of the net profits at the end of each year (by net profit is meant gross premium income, less losses, expense of adjustment, and usual home office expenses) for the first year, and $150.00 per month and 10 per cent. as above for the second year."

It is conceded by plaintiff in error that the judgment should stand so far as the sum of $225, awarded for salary. It is admitted in brief of plaintff in error that this appeal is based upon only one error, which is as follows:

"The jury allowed plaintiff at least $225 for 10 per cent. of the profits alleged to have been made by defendant. The evidence did not justify the recovery of said $225, or any part thereof, and the verdict of the jury as to said commission on profits was against the evidence, unsupported by the evidence, and was the result of passion or prejudice on the part of the jury against said defendant."

It follows that the only question with which we have to deal is as to whether or not there was sufficient evidence upon which to predicate that part of the verdict of the jury which awarded $225, evidently on account of profits earned by the company during the term of said contract of employment.

We have very carefully examined the voluminous record in this case, and are unable to agree with the contention of plaintiff in error that the finding of the jury, so far as the amount awarded as profits made during the period of the employment is concerned, is not supported by sufficient evidence. While it is true that the reports to which our attention is called show loss, yet this is due to the peculiar manner of keeping books of insurance companies, as in said reports reinsurance is charged as loss, when, in fact, it was not a loss; and this, we think, is clearly explained by the testimony of defendant in error. We think the evidence in chief of defendant in error that there was a profit, and the amount thereof, was sufficient to support the verdict rendered, taking into consideration the reports upon which he was cross-examined, which show a loss. It is a well-settled rule in this jurisdiction that, where there is any evidence reasonably tending to support the verdict, this court will not interfere with it. *Smith v. Bell*, 44 Okla. 370, 144 Pac. 1058; *Johnson v. Johnson*, 43 Okla. 582, 143 Pac. 670.

Finding no error in the record requiring a reversal of the cause, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.