## BRISTOW NAT. BANK et al. v. BRUMLEY et al.

No. 8307—Opinion Filed Jan. 22, 1918.

(170 Pac. 268.)

### Appeal and Error — Motion for New Trial —Trial Errors—Review.

Where the plaintiff in error fails to assign as error the overruling of his motion for new trial, the Supreme Court has no power to review the errors alleged to have occurred during the progress of the trial.

(Syllabus by Galbraith, C.)

Error from County Court, Creek County; Vick S. Decker, Judge.

Action by Eva Brumley and Mrs. Flossie Martin against the Bristow National Bank and Rufe Alcorn. Judgment for the plaintiffs, and defendants bring error. Dismissed.

Wm. L. Cheatham, for plaintiffs in error.

John J. N. Sykes, for defendants in error.

Opinion by GALBRAITH, C. This was an action for damages by Eva Brumley and another against the Bristow National Bank and Rufe Alcorn, for the value of two acres of onions owned by the plaintiffs as tenants of the assignor of the lease on the premises where the onions were grown. It is alleged that after an attornment to the bank and an agreement by it for the continuance of the tenancy, in breach of this agreement, it leased the premises to Rufe Alcorn, who plowed up and destroyed the onions, to plaintiffs' damage in the sum of $200. There was a trial to the court and a jury, and a verdict returned in favor of the plaintiffs and against the defendants in the sum prayed for, and judgment was rendered for this amount. The bank and Alcorn have appealed, and assigned as error: First, the admission, over objections, of "incompetent, immaterial, and irrelevant" testimony; second, that the verdict and judgment is contrary to law; third, error of the court in denying the motion for an instructed verdict presented at the close of the plaintiffs' testimony.

A motion is here presented to dismiss the appeal for the reasons: First, that the

brief on behalf of the plaintiffs in error does not contain sufficient abstract of the facts to justify a reversal of the judgment appealed from; second, that "the petition in error contains no assignment of error." Assuming that the second ground of the motion means that "no assignment of error" that can be considered upon this appeal is set out in the petition in error for the reason that the ruling of the trial court denying the motion for new trial is not assigned as error therein, this ground of the motion is well taken, since all of the errors assigned are to alleged errors occurring at the trial, and these cannot be considered in the absence of the assignment of the overruling of the motion for new trial.

Upon authority of O'Neil et al. v. James, 40 Okla. 661, 140 Pac. 141, the appeal must be dismissed.   It is so ordered.

By the Court: It is so ordered.