## ONE TULSA FOUR AUTOMOBILE et al. v. STATE.

No. 10472—Opinion Filed March 7, 1922.

(Syllabus.)

**Appeal and Error—Review—Assignments of Error—Overruling Motion for New Trial.**

Where plaintiff in error fails to assign as error the overruling of his motion for a new trial, no question which seeks to have reviewed errors alleged to have occurred during the progress of the trial is properly presented to this court, and such cannot be reviewed.

Error from County Court, Payne County; Wilberforce Jones, Judge.

Action by the State of Oklahoma against One Tulsa Four, Five-Passenger Automobile, Model D-1, Serial No 3044, and Thomas Andrews, as personal representative of the Estate of Allen Thurman, deceased, to forfeit automobile used in transportation of intoxicating liquor. Judgment for plaintiff, and defendant brings error. Affirmed.

Chester H. Lowry, Brown Moore, and Thomas G. Andrews, for plaintiff in error.

John F. Vaughn, Co. Atty. for defendant in error.

NICHOLSON, J. This action was instituted in the county court of Payne county by the sheriff of said county filing his return, showing that the automobile named as defendant was on July 20, 1918, being used in hauling and transporting intoxicating liquor, the sale of which is prohibited by law, from "one place to another within said county," and charging that Allen Thurman, George Martin, and Grover Morris, while in possession of said automobile, did, on said day, convey in said automobile one quart of whisky, the same not being a lawful purchase. from a place in said county unknown to affiant to another place therein, to wit, in the section line near the George Cook farm, about seven miles southeast of Cushing.

Allen Thurman, the owner of said automobile, filed a special appearance and objection to the jurisdiction of the court, and, after this had been overruled, filed his answer, in which he denied each and every allegation in said return. The cause was tried to a jury, which returned a verdict finding that said automobile was, on said 20th day of July, 1918, being used for the transportation of intoxicating liquor, to wit, "whisky, contrary to the laws of the state." Upon this verdict judgment of forfeiture was entered, and the automobile ordered sold as provided by law, to reverse which this proceeding in error is prosecuted.

The petition in error contains 11 assignments of error, but counsel for plaintiff in error state that a number of the errors assigned have been settled by decisions of this court subsequent to the filing of this cause, and discuss the remaining questions under the following heads: 1st, That the court erred in receiving and considering incompetent evidence offered by the state. 2nd, That the verdict of the jury is contrary to the evidence and is not supported thereby. And 3rd, Misconduct of the county attorney in his argument of said cause to the jury.

An examination of these questions necessarily involves a review of alleged errors occurring during the progress of the trial, and, as an examination of the petition in error discloses that the plaintiff in error has failed to assign as error the overruling of the motion for a new trial, the questions are not properly presented to this court and cannot be reviewed. Wilson v. Eulberg, 51 Okla. 316, 151 Pac. 1067; O'Neal v. James, 40 Okla. 661, 140 Pac. 141; Butler v. Oklahoma State Bank of Durant, 36 Okla. 611, 129 Pac. 750.

The trial court had jurisdiction of the subject-matter and of the parties; the sufficiency of the pleadings is not questioned; the judgment is regular on its face, and is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.